ANNIE M. TURNER (315861)
annie.turner@dinsmore.com
ROBERT D. PRINE (312432)
robert.prine@dinsmore.com
DINSMORE & SHOHL LLP
655 W Broadway, Suite 800
San Diego, CA 92101
Ph: (619) 400-0500
Fx: (619) 400-0501

Attorney for Defendant,
UNITED PARCEL SERVICE, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SANAZ NASERI,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.<br><br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL**<br><br>Dept.: TBD<br>Judge: TBD<br>Complaint Filed: July 16, 2025<br>Trial Date: Not Yet Set |

United Parcel Service, Inc. (hereinafter "Defendant" or "UPS"), by counsel and pursuant to 28 U.S.C. sections 1331, 1332, 1441, and 1446, hereby gives notice of the removal of the above-styled action to this Court. In support of its Notice of Removal, UPS states as follows:

## I. THE STATE COURT ACTION

1. On July 16, 2025, Plaintiff Sanaz Naseri ("Plaintiff"), ***who is in pro per***, filed a complaint against UPS in the Superior Court of San Francisco, California in the matter entitled *Sanaz Naseri v. United Parcel Service, UPS,* Case No. CGC-25-627292 (the "State Court Action"). In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the above-mentioned complaint ("Complaint"), summons, and all process and

pleadings, which were deemed served upon UPS in the State Court Action on October 10, 2025, are attached hereto as **Exhibits A - F**

2. While UPS contends that the allegations in Plaintiff's Complaint lacks merit, Plaintiff alleges the following causes of action against UPS: (1) discrimination based on national origin under the California Fair Employment and Housing Act ("FEHA") and Title VII of the Civil Rights Act ("Title VII"); (2) harassment under the FEHA; (3) retaliation under the FEHA and Title VII; (4) failure to accommodate under the Americans with Disabilities Act ("ADA") and FEHA; (5) failure to prevent harassment and retaliation under the FEHA; (6) intentional infliction of emotional distress; and (7) "violations of the Labor Code (Wage Theft, Overtime, Safety)." *See* Ex. A, Complaint, at ¶¶ 19-26.

3. No further proceedings have occurred in the State Court Action.

4. Defendant UPS was served with, and actually received copies of the State Court Action on October 10, 2025, within thirty (30) days of this Notice of Removal.

## II. <u>REMOVAL PROCEDURES AND VENUE</u>

5. UPS has not filed an answer or otherwise responded to the Complaint. This Notice of Removal is filed within thirty (30) days of UPS' notice of the lawsuit and is timely filed in accordance with 28 U.S.C. § 1446(b). Furthermore, this Notice of Removal is filed less than one (1) year from the commencement of this action pursuant to 28 U.S.C. § 1446(c)(1).

6. In accordance with 28 U.S.C. § 1446(d), UPS will promptly provide written notice of the filing of this Notice to Plaintiff.

7. Pursuant to 28 U.S.C § 1446(d), UPS will also file a duplicate copy of this Notice with the Clerk of the Superior Court for San Francisco, California.

8. In accordance with 28 U.S.C. § 1446(b), venue is properly placed in the United States District Court for the Northern District of California because it is the district court for the district and division where the State Court Action is pending (Superior Court for the State of California, County of San Francisco).

9. Further, this action is not an action made non-removable by 28 U.S.C. § 1445(c).

## III. FEDERAL QUESTION JURISDICTION

### a. This Court has Original Jurisdiction Because Plaintiff Brings Claims Under Federal Law

10. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a), as this is a civil action arising under the Constitution, laws, or treatises of the United States.

11. Specifically, Plaintiff alleges that UPS violated Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq*., by discriminating and retaliating against Plaintiff due to her national origin. *See* Ex. A, Complaint, at ¶¶ 9, 19 – 20, 22. Title VII is a federal statute of the United States.

12. Plaintiff also alleges UPS violated the Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq*., by "refusing" to accommodate Plaintiff's "documented medical needs." *See* Ex. A, Complaint, at ¶ 23. The ADA is a federal statute of the United States.

13. As such, three of Plaintiff's causes of action arise under the laws of the United States.

### b. This Court has Supplemental Jurisdiction Over Plaintiff's State Law Claims

14. To the extent there are some claims alleged in the Complaint that do not raise federal questions, such claims are removable under 28 U.S.C. § 1441(c), pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367, because they relate to and emanate from the same employment relationship between Plaintiff and UPS that is the subject of the federal question claims.

15. Specifically, the thrust of Plaintiff's Complaint is that her employer, UPS, discriminated and retaliated against her during her employment due to her national

origin and failed to accommodate her "medical needs." Plaintiff's claims under Title VII and the ADA are directly related to her allegations against UPS under State law.

16. Accordingly, this Court has jurisdiction over such state law claims pursuant to the doctrine of supplemental jurisdiction under 28 U.S.C. §1367(a), because they are so related to the federal claims as to form part of the same case or controversy under Article III of the U.S. Constitution, and they are substantially related to and rise out of the same nucleus of operative facts as Plaintiff's state law claims under the FEHA and California Labor Code such as they should be tried in one action. *See Nishimoto v. Federman-Bachrach & Assocs*., 903 F.2d 709, 714 (9th Cir. 1990). Considerations of convenience, judicial economy, and fairness to the litigants strongly favor the Court exercising jurisdiction over all claims in the Complaint. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725–26 (1966).

17. Further, Plaintiff's state law claims do not raise novel or complex issues of California law and his state law claims do not substantially predominate over her federal claims. *See* 28 U.S.C. § 1367(c); *Malloy v. Regents of the Univ. of Cal.*, Case No. 19-cv-07995 SBA, 2021 U.S. Dist. LEXIS 182668, at *14-15 (N.D. Cal. Aug. 18, 2021). Plaintiff's claims for discrimination and retaliation under the FEHA and the California Labor Code are often handled by Federal courts. Likewise, claims for intentional infliction of emotional distress are fairly commonplace.

## IV. <u>COMPLETE DIVERSITY OF CITIZENSHIP</u>

18. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1332, diversity jurisdiction, as this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### a. <u>The Parties are Citizens of Different States</u>

19. A person is a citizen of the state in which he or she domiciled. *Kanter v. Warner-Lambert Co.*, 265 F. 3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resided with the intention to remain or to which she intends to return." *Id.* (*citing Lew v. Moss*, 797 F. 2d 747, 749 (9th Cir. 1986)).

20. "[T]he determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence, location of personal and real property, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew*, 797 F.2d at 750. Allegations of residency in a state court complaint are prima facie evidence of domicile and create a rebuttable presumption of domicile supporting diversity of citizenship. *See, e.g., Gutterman v. Wachovia Mortgage*, 11-CV-1611-GAF-CW, 2011 U.S. Dist. LEXIS 74521, at, *2 (C.D. Cal. Mar. 31, 2011) (plaintiff's residence and ownership of property sufficient to establish his domicile in California); *Sadeh v. Safeco Ins. Co.*, No. CV-12-03117- SJO-PLA, 2012 U.S. Dist. LEXIS 81454, at *4 (C.D. Cal. June 12, 2012) (a person's residence can be prima facie evidence of citizenship).

21. Plaintiff is an individual domiciled in the state of California. *See* Ex. A, Complaint, at ¶ 1. Therefore, based on Plaintiff's Complaint, Plaintiff is a citizen of the State of California when this action was filed in state court, at the time of removal, and at all other times throughout the pendency of this case, and is, therefore, a citizen of California within the meaning of 28 U.S.C. § 1332.

22. For the purposes of diversity jurisdiction, a corporation is considered a citizen of both the state in which it is incorporated and the state in which its principal place of business is located.

23. Defendant United Parcel Service, Inc. is a corporation formed under the laws of Ohio. United Parcel Service, Inc. has its principal place of business in Georgia, which is where its officers direct, control, and coordinate the company's activities, and where its executive, administrative, financial and management functions are concentrated. Accordingly, UPS is a citizen of the states of Ohio and Georgia. It is not a citizen of the State of California for removal purposes.

24. As Plaintiff is a citizen of California and UPS is a citizen Ohio and Georgia, complete diversity of citizenship between the parties exists. 28 U.S.C. § 1332(a).

**b. <u>The Amount In Controversy Exceeds $75,000</u>**

25. An action may be removed where the defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

26. The United States Supreme Court held that, "as specified in §1446(a), a defendant's notice of removal need include only a *plausible allegation* that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basine Operating Co. LLC v. Owens*, 135 S. Ct. 547, 554 (emphasis added). The Ninth Circuit has also rejected application of the legal certainty standard for removals. *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) ("A defendant seeking removal … must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum").

27. Here, Plaintiff seeks, *inter alia*, (1) general and special damages (e.g., lost wages and emotional distress damages); (2) punitive damages; (3) civil penalties; and (4) costs of suit and statutory fees. *See* Ex. A, Complaint at Pg. 4.

28. Although Plaintiff's emotional distress damages are disputed, past awards for emotional distress in discrimination and retaliation cases have easily exceeded $75,000. *See*, *e.g.*, *Diaz v. Tesla, Inc.*, 598 F. Supp. 3d 809, 845-46, (N.D. Cal. April 13, 2022) ($4,500,000 in compensatory damages remitted to $1,500,000 in race discrimination case); *Newton v. Equilon Enters., LLC dba Shell Oil Productions US*, 411 F. Supp. 3d 856, 865 (N.D. Cal. Sept. 18, 2019) (denying renewed motion for judgment of law after jury awarded plaintiff $475,000 for past and future emotional distress in FEHA discrimination and retaliation case). As such, Plaintiff's compensatory damages exceed the $75,000 jurisdictional minimum.

29. Plaintiff also seeks punitive damages. Past jury awards for punitive damages in discrimination and retaliation cases have also exceeded $75,000. *See*, *e.g.*, *Diaz*, 598 F. Supp. 3d at 845-46, ($130,000,000 in punitive damages remitted to

$13,500,000 in race discrimination case). As such, Plaintiff's compensatory damages, by itself, exceed the $75,000 jurisdictional minimum.

30. For amount in controversy purposes, as stated above, Plaintiff's compensatory damages and punitive damages exceed $100,000.

31. Notably, these calculations do not include Plaintiff's requests for civil penalties under the California Labor Code. *See* Cal. Labor Code § 203 (requiring an employer to pay an employee a full day's wage for each day the employer is delinquent on a final paycheck, to a maximum of thirty (30) days).

32. Accordingly, based on the significant and varied alleged sources of damages above, UPS in good faith states that the total amount "at stake" for Plaintiff's claims exceeds $75,000.

33. Consequently, this Court has original diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and this matter may be removed by UPS pursuant to 28 U.S.C. § 1441(a).

## V. RESERVATION OF RIGHTS

34. UPS denies the allegations contained in Plaintiff's Complaint. UPS files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court.

35. Further, in making the assertions in this Notice of Removal, UPS does not concede in any way that Plaintiff has alleged causes of action upon which relief can be granted, that the allegations or inferences drawn therefrom are accurate, or that Plaintiff is entitled to recover any amounts sought.

36. UPS further reserves the right to amend or supplement this Notice of Removal as appropriate.

///

///

///

///

WHEREFORE, UPS respectfully request that this action be removed to the United States District Court for the Northern District of California, and the Superior Court of San Francisco proceed no further with respect to this action.

Respectfully submitted,

Dated: November 7, 2025

DINSMORE & SHOHL LLP

By: _/s/ Robert D. Prine_
Annie M. Turner
Robert D. Prine
Attorney for Defendants,
UNITED PARCEL SERVICE, INC.

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on November 7, 2025, a true copy of this document was served by electronic mail upon all registered CM/ECF users, and by United States Postal Service upon all non-registered CM/ECF users in this case as indicated below:

Sanaz Naseri
940 Washington Street, Room 413
San Franciso, CA 94108
Telephone: (408) 500-7319
E-mail: Fnaseri03@gmail.com

I declared under penalty of perjury under the laws of the United States of America that the above is true and correct.

*/s/ Robert D. Prine*
Robert D. Prine