# EXHIBIT A

FILED PURSUANT TO LITIGANT'S REQUEST

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):*** united parcel service .. ; UPS

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):*** sanaz Naseri

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡**AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: superior court of california
*(El nombre y dirección de la corte es):* county of san francisco, 400 McAllister st san francisco, CA 94102

CASE NUMBER:
*(Número del Caso):*
CGC-25-627292

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: sanaz Naseri 4085600731
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):* po box 1679 sacramento, CA 95812

DATE: JUL 16 2025 Clerk, by ________ , Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

GERMAN PEREZ

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]




**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

FILED PURSUANT TO LITIGANT'S REQUEST

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form | Save this form | Clear this form

FILED PURSUANT TO LITIGANT'S REQUEST

FILED
San Francisco County Superior Court
JUL 16 2025
CLERK OF THE COURT
BY: Deputy Clerk

Name: Sanaz Naseri
Adress: 940 Washington Street, Room 413
San Francisco, CA 94108
Phone | (408) 500-7319
Email: Fnaseri03@gmail.com

SUPERIOR COURT OF THE FOR THE COUNTY OF SAN FRANCISCO

GERMAN PEREZ

STATE OF CALIFORNIA

JURISDICTION

| | |
|---|---|
| PLAINTIFF'S NAME,<br>Plaintiff, Sanaz Naseri<br><br>vs.<br><br>DEFENDANT'S NAME,<br>Defendant, United Parcel Service, UPS | Case No.: CGC-25-627292<br><br>1. DISCRIMINATION BASED ON NATIONAL ORIGIN (FEHA & TITLE VII)<br>2. HARASSMENT (FEHA)<br>3. RETALIATION (FEHA & TITLE VII)<br>4. FAILURE TO ACCOMMODATE (ADA & FEHA)<br>5. FAILURE TO PREVENT HARASSMENT & RETALIATION (FEHA)<br>6. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br>7. VIOLATIONS OF LABOR CODE (WAGE THEFT, OVERTIME, SAFETY)<br>DEMAND FOR JURY TRIAL |

Plaintiff SANAZ NASERI alleges as follows:

**I. JURISDICTION & VENUE**

1. Plaintiff SANAZ NASERI is, and at all times relevant was, a resident of California and employed by Defendants at multiple locations in California.
2. This Court has jurisdiction under FEHA, Title VII, the ADA, and the California Labor Code.
3. Plaintiff timely filed EEOC Charge No. 550-2024-02661 and received a Right-to-Sue letter dated July 08, 2025.

---

**II. PARTIES**

4. Plaintiff is a U.S. citizen of Iranian origin.



FILED PURSUANT TO LITIGANT'S REQUEST

5. Defendant UNITED PARCEL SERVICE, INC. ("UPS") is a corporation doing business throughout California.

6. Plaintiff is informed and believes that DOES 1–50 are individuals or entities responsible for the acts alleged herein.

---

## III. FACTUAL ALLEGATIONS

7. Plaintiff was hired by UPS in 2018 and consistently performed her duties with excellence.

8. From 2019–2021, Plaintiff endured sexual and physical abuse by a manager, resulting in surgery.

9. Plaintiff reported harassment, national origin discrimination, and retaliation, including comments by Walter Harris ("go back to Iran") and Russel George ("You were born in Iran").

10. UPS management retaliated by blocking promotions, fabricating warnings, isolating Plaintiff, and refusing reasonable accommodations for documented disabilities and trauma.

11. Plaintiff filed OSHA complaints, police reports, and union grievances. UPS failed to take corrective action.

12. Plaintiff has endured continued harassment, intimidation, and threats that resulted in medical crises and a workers' compensation injury.

13. Despite clear union involvement, UPS has failed to provide proper remedies or stop the hostile work environment.

---

## IV. RECENT UNION GRIEVANCES & STATEMENTS

14. **July 1, 2025 Affidavit:** Union Representative Cindy Gagliardi confirmed repeated obstruction by Supervisor Russel George, who denied Plaintiff breaks needed for her approved medication.

15. **June 30, 2025 Incident:** Ms. Gagliardi attested Russel George made work intentionally harder despite available alternatives, showing deliberate harassment.

16. **June 25, 2025 Hostile Environment Grievance:** The Union filed an official grievance documenting that Plaintiff was surrounded by multiple managers, left "shaking and weeping," and made to feel threatened over a minor issue.

17. **July 3, 2025 Workplace Safety Grievance:** Ms. Naseri was mocked about her accent, subjected to constant harassment by Osman and Davon, and sustained a workplace injury due to stress and unsafe conditions.

18. Despite these union filings, UPS has failed to provide any meaningful resolution or ensure a safe and respectful work environment.

---

**V. CAUSES OF ACTION**

**FIRST CAUSE: Discrimination (Gov. Code § 12940(a), Title VII)**

19. Plaintiff realleges all prior paragraphs.

20. Defendant discriminated based on national origin and disability.

**SECOND CAUSE: Harassment (Gov. Code § 12940(j))**

21. Defendant engaged in pervasive harassment through threats, intimidation, and offensive remarks.

**THIRD CAUSE: Retaliation (Gov. Code § 12940(h); Title VII)**

22. Defendant retaliated for Plaintiff's complaints to OSHA, the EEOC, and the union.

**FOURTH CAUSE: Failure to Accommodate (Gov. Code § 12940(m); ADA)**

23. Defendant refused reasonable accommodations for Plaintiff's documented medical needs.

**FIFTH CAUSE: Failure to Prevent (Gov. Code § 12940(k))**

24. Defendant failed to prevent known discrimination, harassment, and retaliation.

**SIXTH CAUSE: Intentional Infliction of Emotional Distress**

25. Defendant's extreme and outrageous conduct has caused severe emotional harm.

**SEVENTH CAUSE: Labor Code Violations**

26. Defendant failed to pay all wages due, maintained unsafe conditions, and retaliated for wage and safety complaints.

---

**VI. PRAYER FOR RELIEF**

Plaintiff respectfully requests:

a) General and special damages;

b) Punitive damages;

c) Injunctive relief;

d) Reinstatement and accommodations if terminated;

e) Civil penalties;

f) Costs of suit and statutory fees (if any);

g) Any other relief the Court finds just and proper.

---

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury.

---

**VERIFICATION**

**I, Sanaz Naseri, am the Plaintiff in this action. I have read the foregoing Verified Complaint and know its contents. The facts stated therein are true and correct of my own knowledge, except as to matters stated on information and belief, and as to those matters, I believe them to be true.**

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

**Executed on July 17, 2025, at San Francisco, California.**

______________________________

**Sanaz Naseri, Plaintiff In Pro Per**

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
www.calcivilrights.ca.gov | contact.center@dfeh.ca.gov

EEOC Number: 550-2024-02661

Case Name: Sanaz Naseri v. UPS-SAN FRANCISCO

Filing Date: September 17, 2024

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being dual filed with the California Civil Rights Department (CRD) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

The EEOC is responsible for the processing of this complaint. Please contact EEOC directly for any discussion of this complaint or the investigation.

## NOTICE TO COMPLAINANT OF RIGHT TO SUE

This letter is also your Right to Sue notice. **This Right to Sue Notice allows you to file a private lawsuit in State court**. According to Government Code section 12965, subdivision (c), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (c), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (e)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed.

Be advised, CRD does not retain case records beyond three years after a complaint is filed.

**SHIRLEY N. WEBER, Ph.D.**

CALIFORNIA SECRETARY OF STATE

Safe at Home | Management Services Division | P.O. Box 846 | Sacramento, CA 95812
Tel 877.322.5227 | Fax 916.653.7625 | www.sos.ca.gov/registries/safe-home

**September 14, 2024**

To Whom It May Concern:

This serves as certification that **Fatemeh Naseri** is an active participant of the Safe at Home, Confidential Address Program. **Fatemeh Naseri** was certified by the California Secretary of State's Safe at Home Program on **September 14, 2024**. Under current law, participants are certified for a period of four years and are allowed to renew their certification as needed.

The Safe at Home address (designated by the Secretary of State) used by a program participant shall be accepted by the courts, state, and local entities pursuant to Section 6207 of the Government Code. In addition, the Secretary of State serves as the legal agent to accept and forward mail on behalf of all participants. If it becomes necessary to execute a process service, two copies of each document being served are required and shall be delivered to the Secretary of State's office, 1500 11th Street, in Sacramento, between the hours of 8:00 am & 5:00 p.m.

Participation in the statewide confidential address program allows a participant's physical address location to become confidential and protected from his/her perpetrator and public records access. The participant's designated Safe at Home address should be accepted for placement on future court and legal documents or state and local public records pertaining to the participant. The participant's address should be listed as:

**Fatemeh Naseri #3953**
**P.O. Box 1679**
**Sacramento, CA 95812**

The Safe at Home program has provided address protection to more than 13,000 survivors of abuse in California and we are thankful for your assistance in continuing to meet this objective. Please feel free to contact the Safe at Home program office, weekdays from 8:00 a.m. to 5:00 p.m. at (916) 653-1769 if you have any questions or require additional information.

Sincerely,

Safe at Home Program Administration
Secretary of State's Office

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**San Francisco District Office**
450 Golden Gate Avenue 5 West, PO Box 36025
San Francisco, CA 94102
(650) 684-0910
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 07/08/2025

**To:** Sanaz Naseri
940 Washington Street, Room 413
SAN FRANCISCO, CA 94108
Charge No: 550-2024-02661

EEOC Representative and email: IAN STEELE
Investigator
Ian.Steele@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally signed by Rosa M. Salazar
DN: cn=Rosa M. Salazar, o=U.S. Equal Employment Opportunity Commission, ou=Enforcement Manager, San Francisco District Office, email=rosa.salazar@eeoc.gov, c=US
Date: 2025.07.08 13:40:53 -07'00'

FOR: Christopher Green
District Director

**Cc:**
Jolee Land
Phelps Dunbar LLP
100 S ASHLEY DR STE 2000
Tampa, FL 33602

Sara Hamilton
United Parcel Service - Legal Department
55 Glenlake Pkwy NE Legal Department B3/F4
Atlanta, GA 30328

Please retain this notice for your records.

## Information Related to Filing Suit Under the Laws Enforced by the EEOC

*(This information relates to filing suit in Federal or State court* ***under Federal law****. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### Important Time Limits – 90 Days to File a Lawsuit

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### Attorney Representation

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### How to Request Your Charge File and 90-Day Time Limit for Requests

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 550-2024-02661 to the

District Director at Christopher Green, 450 Golden Gate Avenue 5 West PO Box 36025, San Francisco, CA 94102.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 550-2024-02661 to the District Director at Christopher Green, 450 Golden Gate Avenue 5 West PO Box 36025, San Francisco, CA 94102.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

**Sanaz's Rebuttal to Position Statement**

**EEOC Charge Number:** 550-2024-02661

**Date:** 14 May, 2025

---

**To Whom It May Concern:**

This is my full, formal rebuttal to UPS's position statement submitted to the EEOC. UPS's response is not only false and misleading—it deliberately omits critical facts. The evidence shows UPS has engaged in discrimination, retaliation, harassment, wage violations, safety violations, workplace violence, and the cover-up of sexual and physical abuse. Instead of correcting wrongdoing, UPS protected retaliators, punished me, and intensified harassment as I tried to defend my rights through proper legal channels.

---

**1. National Origin Discrimination and Harassment**

I have been subjected to deeply offensive, discriminatory remarks about my Iranian background:

- Walter Harris told me to "go back to Iran" on April 29, 2024.
- Russel George stated on September 22, 2024: "We as Americans have different ideas about jokes... You were born in Iran."

These remarks were witnessed by coworkers, including Isaa. UPS took no corrective action, sending a clear message that harassment based on national origin was tolerated.

---

**2. Public Retaliation and Fabricated Discipline by UPS Management**

On April 23, 2025, UPS management publicly orchestrated retaliation. Osman Syed announced in front of employees that he had advised Walter Harris to start issuing me false written warnings and negative performance evaluations to justify firing me before my union protections were solidified.

UPS management has consistently worked together to:

- Block my promotions.
- Fabricate false evaluations.
- Issue wrongful, fabricated written warnings.
- Constantly work on finding new ways to fabricate accusations against me to fire me falsely.

Despite these attacks, I continued performing all my duties with excellence.

Even while enduring severe harassment by Daven Davis, an Operations Specialist—including one incident where a team member called me a "B-word" over the radio—I successfully completed every assignment without failure. I remained professional, quiet, and focused despite the hostile environment UPS management created and allowed.

---

**3. Flow Control Assignment Misuse**

The Flow Control assignment was never part of an official BaSE Specialist role; it was originally designed for part-time supervisors.

UPS management abused this assignment to:

- Isolate me from the team.
- Place me in unsafe work situations intentionally.

Even in this hostile environment, I performed exceptionally well at Flow Control, proving that the retaliation had nothing to do with my job performance.

---

**4. Retaliation, False Performance Review, and Discrimination Despite Strong Attendance Record**

Despite suffering from ongoing medical conditions that have worsened due to lack of workplace accommodations, I have maintained a consistent and commendable attendance record. **Throughout all of 2024**, I only used **four (4) days of sick leave**, and for the entirety of **2025 to date (January through May)**, I have **not called in sick at all**. From **January 2024 until now**, I've only taken those 4 sick days total — which is a testament to my dedication and commitment, even under immense personal and professional stress.

Instead of being supported for maintaining this record while battling health issues, I have been **continually targeted and punished** by **Russel George** and **Walter Harris**, who have issued me **written warnings for using my legal employment rights**. These actions are **not based on performance**, but are part of a pattern of **retaliation and discrimination** that no other employee is experiencing. It is clear that UPS is **singling me out** for mistreatment — a pattern that aligns with **discrimination based on my national origin (Iranian)** and **retaliation for my protected complaints**. I am a **U.S. citizen**, yet I am consistently treated differently than others because I was born in Iran.

After I reported discriminatory comments and unsafe working conditions, the retaliation became more visible and direct:

- I was **falsely written up** for leaving work early due to a severe medical episode, which was triggered by the emotional impact of my workers' compensation interview related to the **sexual abuse I endured at UPS**. I followed all protocols: I informed my coworker and manager **Walter Harris** of my departure. I did **not** contact Russel George because he had previously instructed us **not to reach out to him when off duty** — I followed that instruction exactly. I have **text messages and witnesses** that confirm this.
- In contrast, **other employees with chronic attendance issues**, such as **Jilliane Zyrelle Magpantay**, have not faced any disciplinary action, especially after becoming a union member. This glaring **double standard** shows that UPS punishes me — a survivor and whistleblower — while **protecting others who violate policies.**
- In **August 2024**, I received an **unjust negative performance review**, despite consistent strong performance and prior positive feedback.
- On **September 11, 2024**, Walter Harris told me that **"losing your job is your fault,"** even while my **EEOC investigation was actively ongoing**. This type of statement is an attempt to **intimidate, silence, and emotionally harm me**, violating federal protections for employees engaged in protected activity.

This entire pattern — retaliation, selective discipline, discriminatory comments, and intimidation — shows that UPS, through the actions of Russel and Walter, is engaging in **unlawful retaliation and discrimination**, targeting me for my origin, my complaints, and my refusal to stay silent.

---

**5. OSHA Complaints and Safety Violations**

I have filed two OSHA complaints:

- OSHA Case Numbers: 178455 and 184446

The complaints named Osman Syed, Walter Harris, and Russel George for:

- Failing to report injuries.
- Retaliating against employees who report safety violations.
- Endangering workers' safety.

Despite OSHA involvement, UPS left these individuals in authority, allowing unsafe conditions and retaliation to continue.

---

**6. Medical Emergency and Police Reports (April 2, 2025)**

On April 2, 2025, due to UPS's ongoing retaliation and unsafe conditions, I was hospitalized for emergency treatment. A police report was created at the hospital regarding the threats I faced at work.

This was the second police report tied to my safety complaints against UPS.

Despite the ER visit, I returned to work the same night because I feared retaliation for taking a sick day. I have not taken a sick day in over eight months out of fear of further retaliation.

---

**7. Active Open Retaliation Legal Case: UPS Matter ID EMP2024109801**

UPS is actively defending against a retaliation case filed under:

- UPS Matter ID: EMP2024109801

This legal case covers:

- My wage claim with the California Department of Industrial Relations (CA DIR).
- My internal sexual harassment complaints.

- Denial of promotions since 2021 despite my qualifications and performance.

Additionally, I have a pending case with the State of California Labor Commissioner's Office, filed on October 30, 2023, and accepted for investigation under:

- State Case No. RCI-CM-990745

On May 8, 2024, I received formal confirmation from the Retaliation Complaint Investigation Unit (RCI) that my claim has been reviewed and accepted. The notice states:

"The case is currently in line for assignment to an investigator... As soon as the case is assigned, the parties will be contacted and given an opportunity to present documents, position statements, or witness names to support their respective positions."

This further confirms the seriousness of the retaliation I have experienced and provides official documentation from both federal and state channels.

UPS's own records prove they know they are facing serious allegations—and yet the retaliation continues.

---

**8. False Warning Letters and Fabricated Investigations (April 15 & April 28, 2025)**

On April 30, 2025, I submitted a formal complaint to Union Representative Cindy Gagliardi after an email containing privileged information I sent was forwarded without my consent to UPS management by Mark Martin. This email was not intended for UPS but was misused, undermining my safety and privacy. I have asked that Mark Martin be completely removed from all matters related to my cases.

The individuals involved in issuing my false written warning include Cindy Gagliardi, IAM District #190, and unnamed HR and Automotive Directors. Cindy's name was the only one listed on the document—raising concerns about coordinated retaliation.

I emphasized that:

- No one has ever spoken to me directly or verbally about any allegations against me.
- My communication was professional, and I have had no meaningful interaction with specific coworkers who have been influenced by UPS management.

I also revealed that Russel George—who received the supervisory position over me—works physically only about 4–5 days per month and usually no more than 5–6 hours per day. In contrast, I was expected to be physically available 24/7, despite

my documented health issues. When I raised this disparity, UPS used my health co[illegible]on as an excuse to deny me promotions and ignore all my professional qualifications, including my master's degree, years of experience, and proven performance.

The safety threats I reported included:

- Stolen medications and personal items.
- A suicide card left at my desk with a woman's picture.
- Footprints on my chair, suggesting tampering with my workspace.

Due to the severity of these incidents, I was forced to call the police. Officer R. Carlos (#1841) of the Richmond Police Department responded, and a police report was created under report number 25-2182.

Despite being hospitalized shortly afterward, I was still labeled "disruptive" when raising legitimate safety concerns. I am requesting an immediate installation of a camera with audio recording in my workspace.

I do not feel safe in this environment—especially after a gun-related conversation between coworkers took place on April 28, 2025.
Furthermore, UPS management—including Russel George and my colleagues Michael Montgomery, Melanie Grushus, and Jilliane Zyrelle Magpantay—has created and sustained a toxic, discriminatory environment. As their shop steward, I have still advocated for and protected their rights despite their roles in isolating and targeting me.

**This targeted retaliation must end.**

On April 15, 2025, Security Manager Terence Kaiser assured me (with union witness Cindy Gagliardi) that investigations were into my hostile work environment complaints—not allegations against me.

Despite this, UPS issued a **false warning letter on April 28, 2025**, citing vague and frivolous accusations. The union formally protested this retaliation, documenting that:

- No misconduct was proven.
- No corrective guidance was provided.
- The warning was an unjust disciplinary tool against a known whistleblower.

Additionally, I want to emphasize that:

- I maintain a respectful distance by avoiding unnecessary contact with BaSE management and colleagues, communicating only for technical troubleshooting or equipment issues directly related to my role. I do not engage in non-work-related interactions at all.
- No one spoke to me directly or verbally about any alleged concerns regarding my communication or conduct.

Instead, UPS rushed to issue this warning under fabricated claims, knowing full well my vulnerable situation, including my husband's immigration case. I believe my **national origin is being used against me**, and the workplace environment is being **weaponized to harm both me and my family's future**.

My union representative and I have consistently reported harassment and threats to my safety, including:

- **Michael Montgomery**: Raised his voice, called me the B-word over the radio, filmed me without consent, and sabotaged my work. He was secretly filming me inside the UPS facility without my consent—even while my safety was in jeopardy. Despite reporting this, he faced no consequences.
- **Russel George**: Regularly insults coworkers, discloses confidential employee information, makes jokes about killing others, and repeatedly referenced my national origin. He has serious attendance issues but still received a promotion over me. He comes to work only 4–5 days a month and barely works more than 5–6 hours a day. **No consequences for him either.**

- **Other coworkers under the influence of UPS management**: Deliberately ignore me and act as if I do not exist. I have no communication with them. The **conversation between Melanie Grushus and John Ward on April 28, 2025**, which involved gun-related remarks, made me **feel terrified**, yet again **no action was taken** against them.

As their shop steward, I have supported all coworkers—including those acting against me—because I believe in justice and fairness for everyone.

Furthermore, I have endured:

- Stolen medications and personal supplies.
- A suicide card left at my desk.
- Footprints on my chair, suggesting someone tampered with my workspace.

**I was forced to call the police** due to the escalation of threats. **Officer R. Carlos (#1841)** of the **Richmond Police Department** responded, and a police report was created under **report number 25-2182**.

Even though I was later hospitalized for the trauma this caused, UPS still labeled me "disruptive" instead of addressing the real dangers. **I am formally requesting the installation of a camera with audio recording in the office** to ensure my safety—especially after the gun-related conversation on April 28, 2025.

**My safety, my health, and my job are in jeopardy.**

---

**9. Documentation of Professional Conduct**

Given ongoing retaliation, I documented that:

- I maintain minimal verbal communication at work.
- I engage only in brief, operational conversations.
- I log all communications daily for legal protection.

My professionalism has been consistent, silent, and beyond reproach.

---

**10. Sexual and Physical Abuse (2019–2021)**

Between 2019 and 2021, I suffered sexual abuse and physical assault at the hands of a UPS manager. The abuse was so severe that I required surgery.

Instead of supporting me, UPS retaliated for my survival and complaints. Other female employees have privately disclosed that they, too, are enduring physical and sexual violence at UPS. This shows systemic misconduct, not isolated incidents.

---

**11. UPS Management's Systematic Campaign of Abuse**

UPS management's behavior includes:

- Retaliation for protected activity.
- Hostile and unsafe work assignments.
- Fabricated warnings and evaluations.
- Endangerment of my safety and health.
- Ignoring police reports and ER documentation.
- Enabling sexual and physical violence.
- Silencing female employees through fear.

UPS has systematically worked to destroy my health, safety, and professional life.

---

**12. My Experience with UPS's "Investigations" (March 5, 2025)**

On March 5, 2025, I attended a meeting with HR's Faye Pederson and Paul Martin. During this meeting:

- I told HR their investigations make me feel even more unsafe.
- I explained how every time I reported harassment, retaliation escalated.
- When I raised concerns about Russel George, Faye said, "In America, no one is guilty otherwise," which was discriminatory and painful.

Yet once again, HR did nothing—except continue to protect my harassers.

---

**13. ADA Discrimination and Retaliation**

UPS used the very health issues they caused me as an excuse to deny my promotion and ignore all my qualifications, my Master's degree, years of experience, outstanding performance results, strong work ethic, and consistent professionalism and forced me into facilities with harmful commute demands, knowing I have disabilities and trauma-related health limitations. This is a violation of the Americans with Disabilities Act (ADA).

I wrote to Security Manager Terence Kaiser:

"Even reviewing this evidence causes me pain, but I am committed to pursuing justice... UPS used the very health issues they caused me as a reason to deny my promotion and placed me at a facility that requires me to commute five hours a day."

UPS failed to provide any reasonable accommodation and treated my trauma-related health conditions as performance issues.

---

**14. Documented Accommodation Requests and HR Communications (2022)**

I emailed multiple HR personnel including Angel Dunn and Larry Wogoman, explaining my trauma-related medical limitations. I requested:

- Reasonable shift accommodations
- Email-only communication due to manipulation by HR
- Support from trusted supervisors like Joyce

Instead, UPS denied flexibility, citing policies they didn't apply to others. I said:

"I have been getting very sick at UPS... What is the difference between me and other BaSE employees? Is it because of my race, nationality, gender, health issues, or because I reported sexual harassment?"

These ignored requests constitute ADA violations and clear retaliation.

---

**15. Final Summary: A Pattern of Lawlessness**

The facts presented in this rebuttal confirm that UPS has gone beyond neglect or poor management—it has built a system where abuse is actively protected, and those who report it are aggressively destroyed. The actions of UPS management are not only unethical; they are dangerous, unlawful, and rooted in bias, retaliation, and a gross abuse of power.

UPS has engaged in:

- National origin, gender, and disability discrimination
- Retaliation for protected activity
- Wage theft and denial of promotion opportunities since 2021
- The cover-up of sexual and physical abuse
- The continued empowerment of abusers within management
- Deliberate attempts to harm my health, employment, and immigration stability
- Use of false warnings and falsified performance evaluations to justify retaliation
- A refusal to acknowledge legitimate medical and ADA accommodations
- Use of my trauma and disabilities as justification to deny me advancement

This conduct is not isolated. It is systemic, strategic, and relentless. UPS has violated federal and state labor laws, Title VII of the Civil Rights Act, the ADA, OSHA regulations, and the California Labor Code.

This is not merely a workplace dispute—it is a case of institutional abuse enabled at every level of management, including HR and legal. UPS has failed in its basic duty to protect its employees and has instead actively endangered my life, health, safety, and future. I will pursue every available legal avenue until this company is held fully accountable for what it has done to me—and what it continues to do to others.

UPS has engaged in:

- National origin, gender, and disability discrimination
- Retaliation for protected activity
- Wage theft and denial of promotion
- Cover-up of abuse and workplace violence

- Endangering employee health and safety
- Systemic retaliation by HR and management

This is not a misunderstanding. It is a deeply entrenched, unlawful pattern.

---

**16. Exhibit Index and Timeline Overview**

Below is a non-exhaustive list of key exhibits and reference materials that support the facts and allegations in this rebuttal. These documents are available upon request or subpoena by the EEOC and provide direct evidence of discrimination, retaliation, and workplace abuse.

| Exhibit | Description | Date(s) |
|---|---|---|
| A | OSHA Complaint Case #178455 and #184446 — Unsafe Conditions & Retaliation | 2024 |
| B | CA DIR Retaliation Complaint Acceptance — Case No. RCI-CM-990745 | May 8, 2024 |
| C | EEOC Case: UPS Matter ID EMP2024109801 — Wage Claim & Retaliation Investigation | 2022–2025 |
| D | Police Report + ER Visit Documents (Safety Crisis) | April 2, 2025 |
| E | Union Grievances — Overtime, Safety Misconduct, False Warnings | 2023–2025 |
| F | False Warning Letter — Issued by Judi Younce | April 28, 2025 |
| G | Emails: ADA Accommodation Requests & Workplace Flexibility | 2022–2024 |
| H | HR Meeting Summary — Faye Pederson & Paul Martin (Biased Investigation) | March 5, 2025 |
| I | Reports of National Origin Harassment — Walter Harris & Russel George Statements | Apr & Sept 2024 |
| J | Flow Control Assignment Misuse — Unsafe Work, Retaliation | 2024–2025 |
| K | Witness Statements — Cindy Gagliardi Confirming Retaliation & Harassment | 2024–2025 |
| L | Record of Promotion Denial Since 2021 | 2021–2025 |

**B. Timeline Overview:**

- **2018:** Hired by UPS.
- **2019–2021:** Subjected to repeated sexual and physical abuse at UPS.
- **2021–Present:** Denied all promotions despite excellent performance.

- **2022:** Requested ADA accommodations; requests denied or ignored.
- **2023:** Filed wage and retaliation claims with DIR and EEOC.
- **April 2024:** Walter Harris told me to "go back to Iran."
- **June 2024:** Retaliatory false warning issued for leaving work.
- **August 2024:** Retaliatory negative performance review issued.
- **April 2025:** Osman Syed admits in front of witnesses that UPS is targeting me for termination.
- **April 2, 2025:** Hospitalized due to emotional distress caused by workplace retaliation; police notified.
- **April 15, 2025:** UPS security confirms investigations were about my complaints, not allegations against me.
- **April 28, 2025:** Issued another false written warning despite security confirmation.

---

**I respectfully request the EEOC to:**

- Fully investigate UPS's conduct.
- Subpoena and review UPS Matter ID EMP2024109801, OSHA complaints, police reports, union grievances, and medical records.
- Protect my civil rights, health, and safety.
- Hold UPS and its managers legally accountable.

I am prepared to provide every single document, email, grievance, report, and witness statement necessary.

**I need protection. I need justice. I need safety.**

Sincerely,

Sanaz Naseri

Phone: 408-500-7319

Email: Fnaseri03@gmail.com

UPS BaSE Specialist – Richmond Facility

IAM Union Member – Shop Steward

EAST BAY AUTOMOTIVE MACHINISTS LODGE No. 1546

INTERNATIONAL ASSOCIATION of MACHINISTS and AEROSPACE WORKERS

10260 MACARTHUR BOULEVARD, OAKLAND, CALIFORNIA 94605
AREA CODE 510 638-6705 • FAX 510 638-1840

Affiliations
California Conference of Machinists
Northern California
Automotive Machinists Coordinating Committee
East Bay Automotive Council
Northern California United Food & Drug Council

Affiliations
Machinists Automotive Trades District Lodge #190
of Northern California
California Labor Federation AFL-CIO
Alameda County Central Labor Council
Contra Costa County Central Labor Council

December 18, 2024

**Russel George II, BaSE Supervisor**
United Parcel Service
1601 Atlas Road
Richmond, CA 94804

***Re: Grievance of Sanaz Naseri – Vacation Payout***

Dear Russel:

As you already know, the Specialists at UPS North Bay had their entitlements zeroed out after the unionization of the group went into effect. Specialist Sanaz Naseri had a total of six weeks in her vacation bank, but was only paid out on three weeks. She urged management to inquire as to her remaining three weeks and after two months was finally informed today that the three remaining weeks of vacation were dropped because she did not access them according to policy.

Please regard this letter as an official grievance filed on behalf of Sanaz Naseri for failing to pay her unused vacation time. The Union will send a separate information request for the policy and full accounting of her vacation accrual and payouts since her hire date.

The Union strongly urges that the Employer pay Ms. Naseri her complete vacation payout in accordance with California law.

Sincerely,

Cindy Gagliardi
IAM District 190 Business Agency Staff
iamaw#1173

cc: Steve Older, Area Director
Don Crosatto, DBR, IAM District 190
Mark Martin, ADBR, IAM District 190
Kasi Montgomery, Buildings and Systems Engineering/ Facilities Engineer II
Sanaz Naseri, Grievant, Shop Steward

EAST BAY AUTOMOTIVE MACHINISTS LODGE No. 1546

INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS

10260 MACARTHUR BOULEVARD, OAKLAND, CALIFORNIA 94605
AREA CODE 510 638-6705 • FAX 510 638-1840

Affiliations
California Conference of Machinists
Northern California
Automotive Machinists Coordinating Committee
East Bay Automotive Council
Northern California United Food & Drug Council

Affiliations
Machinists Automotive Trades District Lodge #190
of Northern California
California Labor Federation AFL-CIO
Alameda County Central Labor Council
Contra Costa County Central Labor Council

December 30, 2024

**Walter Harris, BaSE Plant Manager**
United Parcel Service
1601 Atlas Road
Richmond, CA 94806

***Re:*** ***Specialists Vacation Accrual Grievance***

Dear Mr. Harris:

Please consider this letter an official grievance filed on behalf of UPS North Bay Specialists regarding the Employer's decision to restart their vacation accrual from zero.

The Union has asked to bargain over any changes to the terms and working conditions of the Specialist unit. Forcing the Specialists to begin their vacation accrual as if they were new employees is a substantial change to their working conditions, and can be construed as an act of retaliation for unionizing.

The Union demands that the Employer restore the accrual levels to each specialist commiserate with their length of service with the Employer.

Sincerely,

Cindy Gagliardi
District Lodge 190 Business Staff
iamaw#1173

cc: Steve Older, Area Director
Don Crosatto, DBR, District Lodge 190
Mark Martin, ADBR, District Lodge 190
Craig Hughes, IAM International Automotive Coordinator
Kasi Montgomery, Buildings and Systems Engineering/ Facilities Engineer II

Letter

# EAST BAY AUTOMOTIVE MACHINISTS LODGE No. 1546

INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS

10260 MACARTHUR BOULEVARD, OAKLAND, CALIFORNIA 94605

AREA CODE 510 638-6705 • FAX 510 638-1840

Affiliations:
California Conference of Machinists
Northern California
Automotive Machinists Coordinating Committee
East Bay Automotive Council
Northern California United Food & Drug Council

Affiliations:
Machinists Automotive Trades District lodge #190
of Northern California
California Labor Federation AFL-CIO
Alameda County Central Labor Council
Contra Costa County Central Labor Council

January 2, 2025

COPY

**Russel George II, BaSE Supervisor**
United Parcel Service
1601 Atlas Road
Richmond, CA 94804

***Re:*** ***Grievance of Sanaz Naseri – Vacation Payout Penalty Pay***

Dear Russel:

Please consider this letter an official grievance filed on behalf of Sanaz Naseri, for the Employer violating Article 8, Section 7, of the UPS Master Agreement regarding timely vacation pay.

Ms. Naseri first reported her vacation pay discrepancy the week of October 21st. She notified management of her shortage and repeatedly asked for her missing vacation pay. Ultimately, she was forced to file a grievance on December 18, 2024 in an attempt to get the shortage resolved. She finally received her vacation shortage late in December.

Ms. Naseri is entitled to four hours of penalty pay for each payroll she was delayed in receiving her vacation payout. The Union calculated ten payroll periods have passed, entitling her to 40 hours of penalty pay.

Please confirm the timeframe in which Ms. Naseri will receive her penalty pay remedy.

Sincerely,

Cindy Gagliardi

Cindy Gagliardi
IAM District 190 Business Agency Staff
iamaw#1173

cc: Steve Older, Area Director
Don Crosatto, DBR, IAM District 190
Sanaz Naseri, Grievant, Shop Steward

**EAST BAY AUTOMOTIVE MACHINISTS LODGE No. 1546**

INTERNATIONAL ASSOCIATION of MACHINISTS and AEROSPACE WORKERS

10260 MACARTHUR BOULEVARD, OAKLAND, CALIFORNIA 94605
AREA CODE 510 638-6705 • FAX 510 638-1840

Affiliations:
California Conference of Machinists
Northern California
Automotive Machinists Coordinating Committee
East Bay Automotive Council
Northern California United Food & Drug Council

Affiliations:
Machinists Automotive Trades District Lodge #190
of Northern California
California Labor Federation AFL-CIO
Alameda County Central Labor Council
Contra Costa County Central Labor Council

January 2, 2025

**Russel George II, BaSE Supervisor**
United Parcel Service
1601 Atlas Road
Richmond, CA 94804

***Re: Grievance of Sanaz Naseri – Vacation Payout Penalty Pay***

Dear Russel:

Please consider this letter an official grievance filed on behalf of Sanaz Naseri, for the Employer violating Article 8, Section 7, of the UPS Master Agreement regarding timely vacation pay.

Ms. Naseri first reported her vacation pay discrepancy the week of October 21st. She notified management of her shortage and repeatedly asked for her missing vacation pay. Ultimately, she was forced to file a grievance on December 18, 2024 in an attempt to get the shortage resolved. She finally received her vacation shortage late in December.

Ms. Naseri is entitled to four hours of penalty pay for each payroll she was delayed in receiving her vacation payout. The Union calculated ten payroll periods have passed, entitling her to 40 hours of penalty pay.

Please confirm the timeframe in which Ms. Naseri will receive her penalty pay remedy.

Sincerely,

Cindy Gagliardi

Cindy Gagliardi
IAM District 190 Business Agency Staff
iamaw#1173

cc: Steve Older, Area Director
Don Crosatto, DBR, IAM District 190
Sanaz Naseri, Grievant, Shop Steward

EAST BAY AUTOMOTIVE MACHINISTS LODGE No. 1546

INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS

10260 MACARTHUR BOULEVARD, OAKLAND, CALIFORNIA 94605
AREA CODE 510 638-6705 • FAX 510 638-1840

Affiliations:
California Conference of Machinists
Northern California
Automotive Machinists Coordinating Committee
East Bay Automotive Council
Northern California United Food & Drug Council

Affiliations:
Machinists Automotive Trades District Lodge #190
of Northern California
California Labor Federation AFL-CIO
Alameda County Central Labor Council
Contra Costa County Central Labor Council

January 30, 2025

**Walter Harris, Buildings and Systems Engineering/ Facilities Manager**
United Parcel Service
1601 Atlas Road
Richmond, CA 94806

***Re:*** ***Sanaz Naseri Grievance***

Dear Mr. Harris:

Please consider this letter an official grievance filed on behalf of Sanaz Naseri in protest of her January 14, 2025 6135 entry.

Ms. Naseri operated flow control from the BaSE office on January 12, 2025, in meal relief for Specialist Michael Montgomery. The PS4 developed a jam, and Ms. Naseri, along with Supervisor Russel George worked the jam from flow control. Ms. Naseri was instructed by Mr. George to restart the PS4, which she did. She was later informed that a UPSer was injured. She submitted a statement that day that captured facts, including Russel George's participation in the situation.

Ms. Naseri was counseled on January 14, 2025, in a session conducted by Facilities Manager Mr. Harris, with Mr. George and Union Representative Cindy Gagliardi present. The session was convened as a review of safety protocol, but Mr. George downplayed his involvement in the decision to restart the PS4, claiming he never gave the instruction. Ultimately, Ms. Naseri was ordered to change the protocol from the official safety best practices to a new protocol requiring her to assume full responsibility for the safety of anyone on the belt.

The Union protests the 6135 personnel file entry on behalf of Sanaz Naseri because it fails to address the supervisor's participation in the event and insinuates that Ms. Naseri agreed to be responsible for workers she has no control over. As a remedy, the Union demands that the 6135 entry be expunged.

The Union makes this demand for the following reasons:

1. Supervisor Russel George changed his position of involvement from the day of the incident to the day of the counseling to place blame fully on Ms. Naseri for the incident.
2. Ms. Naseri confirmed that she reset the PS4 twice, while Mr. George confirmed that the PS4 was reset four times, calling into question who actually controlled the process.
3. Ms. Naseri contacted the appropriate safety authority within UPS who confirmed that safety protocol dictated responsibility was on the part of the worker in harm's way.

4. While she desires to facilitate safety at every opportunity, she should not be made to take responsibility for lack of training and/or carelessness/recklessness on the part of other employees.
5. Ms. Naseri was justifiably horrified that a co-worker was injured, and the seeming abandonment of safety protocol she witnessed. She contacted OSHA and filed a report, in fulfillment of her duty. Since then she has been ostracized as well as other retaliatory actions in violation of the UPS's code of ethics section: *No Retaliation.*
6. While the 6135 is not in and of itself a disciplinary action, it could be used against her in future considerations, including promotion opportunities. The entry does not represent Ms. Naseri's action nor does represent UPS in its commitment to safety.

Please contact me at your earliest convenience to discuss the remedy proposed by the Union, full expungement of the entry.

Sincerely,

Cindy Gagliardi
District Lodge 190 Business Staff
iamaw#1173

cc: Steve Older, Area Director
Don Crosatto, DBR, District Lodge 190
Mark Martin, ADBR, District Lodge 190
Kasi Montgomery, Buildings and Systems Engineering/ Facilities Engineer II
Sanaz Naseri, Grievant

**EAST BAY AUTOMOTIVE MACHINISTS LODGE No. 1546**

INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS

10260 MacARTHUR BOULEVARD, OAKLAND, CALIFORNIA 94605
AREA CODE 510 638-6705 • FAX 510 638-1840

Affiliations
California Conference of Machinists
Northern California
Automotive Machinists Coordinating Committee
East Bay Automotive Council
Northern California United Food & Drug Council

Affiliations:
Machinists Automotive Trades District Lodge #190
of Northern California
California Labor Federation AFL-CIO
Alameda County Central Labor Council
Contra Costa County Central Labor Council

February 28, 2025

**Walter Harris, Buildings and Systems Engineering/ Facilities Manager**
**Russel George, Supervisor**
United Parcel Service
1601 Atlas Road
Richmond, CA 94806

***Re:*** ***Sanaz Naseri Grievance***

Dear Gentlemen:

On February 27, 2025, the Union attended an unscheduled documented counseling session for Ms. Sanaz Naseri for allegedly starting her work shift prior to her scheduled start time without prior approval of management. During the counseling session, the Union understood that other members of the bargaining unit had committed the same infraction without receiving counseling or other discipline.

Therefore, please consider this letter a grievance for disparate treatment of bargaining unit members in violation of section 2.03 of the Northern California Addendum.

To resolve this grievance, the Union proposes the following remedy:
The employer will provide a written memo to all bargaining unit members restating the policy and providing guidance regarding start times and the appropriate method to request a start time adjustment. Additionally, the employer will void the entry in Ms. Naseri's 6135 file regarding this issue.

Please contact me at your earliest convenience to discuss the remedy proposed by the Union.
Sincerely,

Cindy Gagliardi
District Lodge 190 Business Staff
iamaw#1173

cc: Brian Fealy, Business Represerntative
Steve Older, Area Director
Don Crosatto, DBR, District Lodge 190
Mark Martin, ADBR, District Lodge 190
Kasi Montgomery, Buildings and Systems Engineering/ Facilities Engineer II
Sanaz Naseri, Grievant

**EAST BAY AUTOMOTIVE MACHINISTS LODGE No. 1546**

INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS

10260 MACARTHUR BOULEVARD, OAKLAND, CALIFORNIA 94605
AREA CODE 510 638-6705 • FAX 510 638-1840

Affiliations
California Conference of Machinists
Northern California
Automotive Machinists Coordinating Committee
East Bay Automotive Council
Northern California United Food & Drug Council

Affiliations
Machinists Automotive Trades District Lodge 0190
of Northern California
California Labor Federation AFL-CIO
Alameda County Central Labor Council
Contra Costa County Central Labor Council

March 4, 2025

**Walter Harris, BaSE Plant Manager**
United Parcel Service
1601 Atlas Road
Richmond, CA 94806

***Re: Specialists Flow Control Grievance***

Dear Mr. Harris:

Please consider this letter an official grievance filed on behalf of UPS North Bay Production Specialists regarding the reassignment of Flow Control room work to personnel in the Operations Department.

It has come to the Union's attention that work in the Flow Control room has been reassigned to the Operations Department personnel for all Preload periods. The Union understands that NorthBay Production Specialists handle Flow Control for the remaining periods each day.

The Union demands that the Employer return all Flow Control work to the NorthBay Production Specialists until such time as bargaining over work tasks can be completed.

Sincerely,

Cindy Gagliardi
District Lodge 190 Business Staff
iamaw#1173

cc: Steve Older, Area Director
Don Crosatto, DBR, District Lodge 190
Mark Martin, ADBR, District Lodge 190
Craig Hughes, IAM International Automotive Coordinator
Kasi Montgomery, Buildings and Systems Engineering/ Facilities Engineer II
Sanaz Naseri, Shop Steward

EAST BAY AUTOMOTIVE MACHINISTS LODGE No. 1546
INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS
10260 MACARTHUR BOULEVARD, OAKLAND, CALIFORNIA 94605
AREA CODE 510 632-3705 • FAX 510 638-1840

Affiliations:
California Conference of Machinists
Northern California
Automotive Machinists Coordinating Committee
East Bay Automotive Council
Northern California United Food & Drug Council

Affiliations:
Machinists Automotive Trades District Lodge #190
of Northern California
California Labor Federation AFL-CIO
Alameda County Central Labor Council
Contra Costa County Central Labor Council

March 6, 2025

**Russel George II, BaSE Supervisor**
United Parcel Service
1601 Atlas Road
Richmond, CA 94804

***Re: Grievance of Sanaz Naseri – Overtime Pay***

Dear Russel:

On February 27, 2025, you requested a counseling session for Sanaz Naseri to discuss an incident ten days before (February 17, 2025) where she punched in thirty minutes prior to the start of her shift and began working. You confirmed knowledge of the extra thirty minutes worked at that meeting, and stated to Sanaz, "We will pay you for the time."

Despite being informed that she would be paid for her time working, Ms. Naseri is now being informed that she will not be paid for all work performed on February 17, 2025. Therefore, please regard this letter as an official grievance filed on behalf of Sanaz Naseri for failing to pay her for all time worked on February 17, 2025.

The Union demands that Ms. Naseri be paid in full immediately, including any penalty pay if applicable. The Union will seek additional remedy if necessary, including the California Labor Commissioner, if the Employer continues this untenable position.

Sincerely,

Cindy Gagliardi
IAM District 190 Business Agency Staff
iamaw#1173

cc: Steve Older, Area Director
Brian Fealy, Business Representative
Don Crosatto, DBR, IAM District 190
Mark Martin, ADBR, IAM District 190
Kasi Montgomery, Buildings and Systems Engineering/ Facilities Engineer II
Sanaz Naseri, Grievant, Shop Steward

**EAST BAY AUTOMOTIVE MACHINISTS LODGE No. 1546**

INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS

10260 MACARTHUR BOULEVARD, OAKLAND, CALIFORNIA 94605
AREA CODE 510 638-6705 • FAX 510 638-1840

Affiliations
California Conference of Machinists
Northern California
Automotive Machinists Coordinating Committee
East Bay Automotive Council
Northern California United Food & Drug Council

Affiliations
Machinists Automotive Trades District Lodge #190
of Northern California
California Labor Federation AFL-CIO
Alameda County Central Labor Council
Contra Costa County Central Labor Council

March 6, 2025

**Walter Harris, BaSE Facilities Manager**
United Parcel Service
1601 Atlas Road
Richmond, CA 94804

***Re: Sanaz Naseri Grievance /Vacation Payout Penalty Pay – Request for Board of Adjustment***

Dear Walter:

On January 2, 2025, the Union filed a grievance on behalf of Sanaz Naseri, for the Employer's violation of Article 8, Section 7, of the UPS Master Agreement regarding timely vacation pay. A copy of that grievance is attached for reference. As you know, Ms. Naseri was delayed in receiving her full vacation bank payout until late December 2024. She finally received her vacation shortage late in December.

The Union was carbon copied in an email on January 9, 2025, between Kasi Montgomery and Walter Harris discussing the grievance. Kasi seemed to deny the grievance but stated an intention to raise the matter in a February meeting. The matter was not taken up at the February meeting, and as of this letter, no official response has been made to the Union.

Therefore, per Section 21.04 of the Northern California Addendum, the Union is formally requesting a Board of Adjustment be convened at the Employer's earliest convenience to resolve this matter.

Sincerely,

Cindy Gagliardi
IAM District 190 Business Agency Staff
iamaw#1173

cc: Steve Older, Area Director
Brian Fealy, Business Representative
Don Crosatto, DBR, IAM District 190
Mark Martin, ADBR, IAM District 190
Kasi Montgomery, Buildings and Systems Engineering/ Facilities Engineer II
Russel George II, BaSe Supervisor
Sanaz Naseri, Grievant, Shop Steward

**EAST BAY AUTOMOTIVE MACHINISTS LODGE No. 1546**

INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS

10260 MACARTHUR BOULEVARD, OAKLAND, CALIFORNIA 94605
AREA CODE 510 638-6705 • FAX 510 638-1840

Affiliations
California Conference of Machinists
Northern California
Automotive Machinists Coordinating Committee
East Bay Automotive Council
Northern California United Food & Drug Council

Affiliations
Machinists Automotive Trades District Lodge #190
of Northern California
California Labor Federation AFL-CIO
Alameda County Central Labor Council
Contra Costa County Central Labor Council

March 7, 2025

**Walter Harris, BaSE Facilities Manager**
United Parcel Service
1601 Atlas Road
Richmond, CA 94804

***Re:*** ***Sanaz Naseri Pay Grievance – Information Request***

Dear Walter:

On February 28, 2025 and March 6, 2025, the Union filed two grievances on behalf of Sanaz Naseri for an incident that occurred on February 17, 2025 and for which Ms. Naseri was disciplined, and denied pay. The Union is requesting information necessary to the representation of our member.

Please provide the following:

1. A complete set of timecards for all Specialists from October 17, 2024 to present.
2. Any payroll adjustments for working before or after the scheduled shift made for any Specialist from October 17, 2024 to present.
3. Copies of any 6135 entry from October 17, 2024 to present for any Specialist receiving discipline/counseling for starting early/late or leaving early/late without management authorization.
4. A copy of the UPS Workplace Violence Prevention Plan.

The Union requests this information as soon as possible and no later than March 11, 2025. We appreciate your timely compliance.

Sincerely,

Cindy Gagliardi
IAM District 190 Business Agency Staff
iamaw#1173

cc: Steve Older, Area Director
Brian Fealy, Business Representative
Don Crosatto, DBR, IAM District 190
Mark Martin, ADBR, IAM District 190
Kasi Montgomery, Buildings and Systems Engineering/ Facilities Engineer II
Russel George II, BaSe Supervisor
Sanaz Naseri, Grievant, Shop Steward

EAST BAY AUTOMOTIVE MACHINISTS LODGE No. 1546

INTERNATIONAL ASSOCIATION of MACHINISTS and AEROSPACE WORKERS

10260 MACARTHUR BOULEVARD, OAKLAND, CALIFORNIA 94605
AREA CODE 510 638-6705 • FAX 510 638-1840

Affiliations:
California Conference of Machinists
Northern California
Automotive Machinists Coordinating Committee
East Bay Automotive Council
Northern California United Food & Drug Council

Affiliations:
Machinists Automotive Trades District Lodge #190
of Northern California
California Labor Federation AFL-CIO
Alameda County Central Labor Council
Contra Costa County Central Labor Council

March 30, 2025

**Russel George II, BaSE Supervisor**
United Parcel Service
1601 Atlas Road
Richmond, CA 94804

***Re: Grievance of Sanaz Naseri – Penalty Pay for Overtime Pay***

Dear Russel:

The Union has been informed that Sanaz Naseri finally received her pay for the work she performed prior to the start of her official shift on February 17, 2025, and for which the Union filed a grievance on her behalf for the Employer's discrimination against her.

Ms. Naseri waited three pay periods since the dispute was addressed in a counseling session (attended by Mr. George, Ms. Naseri, and the Union) on February 27, 2025 and the Employer confirmed she would be compensated for her time. She is therefore entitled to twelve (12) hours of penalty pay.

The Union shall consider this grievance settled when the penalty is paid.

Sincerely,

Cindy Gagliardi
IAM District 190
iamaw#1173

cc: Steve Older, Area Director
Brian Fealy, Business Representative
Don Crosatto, DBR, IAM District 190
Mark Martin, ADBR, IAM District 190
Kasi Montgomery, Buildings and Systems Engineering/ Facilities Engineer II
Sanaz Naseri, Grievant, Shop Steward

**EAST BAY AUTOMOTIVE MACHINISTS LODGE No. 1546**

INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS

10260 MACARTHUR BOULEVARD, OAKLAND, CALIFORNIA 94605
AREA CODE 510 638-6705 • FAX 510 638-1840

**Affiliations:**
California Conference of Machinists
Northern California
Automotive Machinists Coordinating Committee
East Bay Automotive Council
Northern California United Food & Drug Council

**Affiliations:**
Machinists Automotive Trades District Lodge #190
of Northern California
California Labor Federation AFL-CIO
Alameda County Central Labor Council
Contra Costa County Central Labor Council

April 27, 2025

**Walter Harris, Buildings and Systems Engineering/ Facilities Manager**
United Parcel Service
1601 Atlas Road
Richmond, CA 94806

***Re: Sanaz Naseri Grievance***

Dear Mr. Harris:

Please consider this letter an official grievance filed on behalf of Sanaz Naseri, for the warning letter issued to her today.

As a witness to the April 15, 2025, meeting with Security Investigators Terence Kaiser and Sandra Bryant, the Union is entirely perplexed by this disciplinary step. Nothing discussed or addressed in the meeting attempted to illuminate infractions described in the warning letter. In fact, the meeting was devoted almost entirely to the actions of management in creating an unsafe and hostile environment for Ms. Naseri. Furthermore, the dates referenced in the letter were meetings between the Union and Management (March 12, 2025) and the Union, Management, and Ms. Naseri (February 27, 2025.)

The Union considers the allegations raised in the letter to be vague, bordering on frivolous. The point of just cause discipline referenced in Section 21 is a corrective and constructive process. Neither Ms. Naseri, nor the Union has the slightest idea what conduct is being referenced in the warning letter. This letter does not attempt to give Ms. Naseri the tools and information to avoid further discipline, an action that is in and of itself unfair.

Therefore, the Union must conduct a full and complete investigation into any alleged conduct that prompted the Employer's response.

Sincerely,

Cindy Gagliardi
Business Representative
iamaw#1173

cc: Brian Fealy, Business Representative
Don Crosatto, DBR, District Lodge 190
Veronica Terpening, District Labor Relations Manager
Judi Younce, Senior Director, BaSE
Terence Kaiser, UPS Security Investigator
Sanaz Naseri, Grievant

**EAST BAY AUTOMOTIVE MACHINISTS LODGE No. 1546**

INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS

10260 MACARTHUR BOULEVARD, OAKLAND, CALIFORNIA 94605
AREA CODE 510 638-6705 • FAX 510 638-1840

Affiliations:
California Conference of Machinists
Northern California
Automotive Machinists Coordinating Committee
East Bay Automotive Council
Northern California United Food & Drug Council

Affiliations:
Machinists Automotive Trades District Lodge #190
of Northern California
California Labor Federation AFL-CIO
Alameda County Central Labor Council
Contra Costa County Central Labor Council


April 27, 2025

**Walter Harris, Buildings and Systems Engineering/ Facilities Manager**
United Parcel Service
1601 Atlas Road
Richmond, CA 94806

***Re: Information Request - Sanaz Naseri Grievance***

Dear Mr. Harris:

Please consider this letter a request for the information necessary to conduct an investigation into the serious allegations raised in a warning letter to Sanaz Naseri.

Please provide the following:

1. A complete accounting of the concern raised against Sanaz Naseri on February 27, 2025, as referenced in the warning letter issued.
2. Any investigatory interviews, statements, notes, and data leading to the decision to issue discipline for the concern referenced as February 27, 2025.
3. A complete accounting of the concern raised against Sanaz Naseri on March 12, 2025, as referenced in the warning letter issued.
4. Any investigatory interviews, statements, notes, and data leading to the decision to issue discipline for the concern referenced as March 12, 2025.
5. Any other concerns that fall under the "disruptive, unprofessional, and disrespectful conduct in the workplace" description that led to the decision to issue discipline.
6. Any investigatory interviews, statements, notes, and regarding conduct that management has decided fall under the disruptive, unprofessional, and disrespectful conduct in the workplace" description Ms. Naseri is allegedly accused of.

Please provide the requested information as soon as possible and no later than May 5, 2025. The Union looks forward to the Employer's timely compliance.

Sincerely,

Cindy Gagliardi
Business Representative
iamaw#1173

cc: Brian Fealy, Business Representative
Don Crosatto, DBR, District Lodge 190
Veronica Terpening, District Labor Relations Manager
Judi Younce, Senior Director, BaSE
Terence Kaiser, UPS Security Investigator
Sanaz Naseri, Grievant

**EAST BAY AUTOMOTIVE MACHINISTS LODGE No. 1546**

INTERNATIONAL ASSOCIATION of MACHINISTS AND AEROSPACE WORKERS

10260 MACARTHUR BOULEVARD, OAKLAND, CALIFORNIA 94605
AREA CODE 510 638-6705 • FAX 510 638-1840

Affiliations
California Conference of Machinists
Northern California
Automotive Machinists Coordinating Committee
East Bay Automotive Council
Northern California United Food & Drug Council

Affiliations
Machinists Automotive Trades District Lodge #190
of Northern California
California Labor Federation AFL-CIO
Alameda County Central Labor Council
Contra Costa County Central Labor Council

May 05, 2025

**Walter Harris, Buildings and Systems Engineering/ Facilities Manager**
United Parcel Service
1601 Atlas Road
Richmond, CA 94806

***Re: SECOND Information Request - Sanaz Naseri Grievance***

Dear Mr. Harris:

Please consider this letter a SECOND REQUEST for the information necessary to conduct an investigation into the serious allegations raised in a warning letter to Sanaz Naseri.

Please provide the following:

1. A complete accounting of the concern raised against Sanaz Naseri on February 27, 2025, as referenced in the warning letter issued.
2. Any investigatory interviews, statements, notes, and data leading to the decision to issue discipline for the concern referenced as February 27, 2025.
3. A complete accounting of the concern raised against Sanaz Naseri on March 12, 2025, as referenced in the warning letter issued.
4. Any investigatory interviews, statements, notes, and data leading to the decision to issue discipline for the concern referenced as March 12, 2025.
5. Any other concerns that fall under the "disruptive, unprofessional, and disrespectful conduct in the workplace" description that led to the decision to issue discipline.
6. Any investigatory interviews, statements, notes, and regarding conduct that management has decided fall under the "disruptive, unprofessional, and disrespectful conduct in the workplace" description Ms. Naseri is allegedly accused of.

Please provide the requested information as soon as possible and no later than May 12, 2025. The Union looks forward to the Employer's timely compliance.

Sincerely,

Cindy Gagliardi
Business Representative
iamaw#1173

cc: Brian Fealy, Business Representative
Don Crosatto, DBR, District Lodge 190
Veronica Terpening, District Labor Relations Manager
Judi Younce, Senior Director, BaSE
Terence Kaiser, UPS Security Investigator
Sanaz Naseri, Grievant

**EAST BAY AUTOMOTIVE MACHINISTS LODGE No. 1546**

INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS

10260 MACARTHUR BOULEVARD, OAKLAND, CALIFORNIA 94605
AREA CODE 510 638-6705 • FAX 510 638-1840

Affiliations
California Conference of Machinists
Northern California
Automotive Machinists Coordinating Committee
East Bay Automotive Council
Northern California United Food & Drug Council

Affiliations
Machinists Automotive Trades District Lodge #190
of Northern California
California Labor Federation AFL-CIO
Alameda County Central Labor Council
Contra Costa County Central Labor Council

May 7, 2025

**Russel George II, BaSE Supervisor**
United Parcel Service
1601 Atlas Road
Richmond, CA 94804

***Re: Grievance of Melanie Grushus /Sanaz Naseri***

Dear Russel:

The Union was informed both last night and today from multiple sources that a legal shift bid was not conducted to cover the absence on May 6, 2025 of Issa Cross. Please consider this letter a grievance for failure to run an overtime shift bid in violation of Section 6.1 of the Northern California Addendum.

Management had time to run a bid by seniority. Instead, no senior members were offered overtime, and management chose to extend the shifts of scheduled personnel and run part of the shift uncovered. The Union can only presume that management performed any tasks that came up during the uncovered hours, which is potentially a contract violation.

The Union spoke to Melanie Grushus this morning. As the highest seniority specialist, she would have had the right of first refusal on any overtime offered. She informed me she was available to cover at 10:00 p.m. and would have taken the shift had it been offered. In addition, Sanaz Naseri would have covered until 10:00 p.m. had she been offered the overtime. Both Melanie and Sanaz have more seniority than the specialists who received the overtime, but were not allowed to bid.

The Union is seeking a make-whole remedy for Melanie Grushus of four (4) hours at her overtime rate of pay, and Sanaz Naseri of four (4) hours at her overtime rate of pay. Please call me to discuss settling the matter at your earliest convenience.

Sincerely,

Cindy Gagliardi
Business Representative
iamaw#1173

cc: Steve Older, Area Director
Don Crosatto, DBR, IAM District 190
Brian Fealy, Business Representative
Walter Harris, BaSE Facilities Manager
Sanaz Naseri, Shop Steward
Melanie Grushus, Grievant

EEOC Form 5 (07/24)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| CHARGE PRESENTED TO: | AGENCY CHARGE NO. |
|---|---|
| EEOC | 550-2024-02661 |
| California Civil Rights Department | |

---

Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)*: Sanaz Naseri
Home Phone: 408-500-7319
Year of Birth:
Street Address: 940 Washington St San Francisco, CA 94108 Room 413
SAN FRANCISCO, CA 94108

---

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: UPS-SAN FRANCISCO
No. Employees, Members: 501+ Employees
Phone No.: (404) 828-7815
Street Address: 2222 17TH STREET

SAN FRANCISCO, CA 94103

Name:
No. Employees, Members:
Phone No.:
Street Address:

---

DISCRIMINATION BASED ON:
National Origin, Retaliation

---

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 04/29/2024
Latest: 08/31/2024

---

THE PARTICULARS ARE:

I was hired by Respondent on May of 2018. My job title is Engineering Specialist, and my supervisor is Russell George (Male, American). Throughout my tenure with the Respondent, I have consistently performed my duties satisfactorily.

On April 29, 2024, I overheard Walter Harris (Male, American), Manager, having a conversation with a coworker about American brands of ice cream with which I am not familiar. When I asked Mr. Harris to clarify what he was talking about, he questioned why I was not familiar with American brand names and told me to "go back to Iran". On June 16, 2024, I reported Mr. Harris' comment to Respondent's Human Resources Department. Respondent stated that it would conduct an investigation of my allegation, however, I was not subsequently informed of the results of Respondent's investigation. Between May and August 2024, I applied for two Full-time Supervisor positions, a Project Engineer position and a Building and System Engineer Position. Despite meeting the minimum qualifications for these positions, I was not selected to continue in the application process. On June 20, 2024, I became ill while at work. My supervisor was absent that day, but had instructed me to ask my coworker, Jillian [Last Name unknown] (Female, Filipino) if I needed anything during his absence. Pursuant to his instructions, I informed Jillian that, based on my illness, it was necessary for me to leave work 2 hours early. The following Monday, June 24, I received a written warning from Respondent for leaving work early without permission. I believe this is a pretext however, because I am aware that other employees outside my national origin routinely arrive to work two hours late and are not disciplined and because I had informed Jillian of my early departure, as requested by my supervisor. In August of 2024, I reported to Respondent's Human Resources Department that I believed my June 24 written warning was the product of

discrimination based on my national origin. Approximately three weeks later, I received a negative performance review that I do not feel is an accurate assessment of my performance, and my assignment was reduced as a result.

I believe I was discriminated against on the basis of my national origin (Iranian) in violation of Title VII of the Civil Rights Act of 1964, as amended. Furthermore, I believe I was retaliated against for my engagement in protected activity, in violation of the statute.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Digitally Signed By: Sanaz Naseri

09/17/2024

Charging Party Signature & Date

---

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

Signature of Complainant

Subscribed and sworn to before me this date: ____________________________

## PRIVACY ACT STATEMENT

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (06/24).
2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.
3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.
4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.
5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

FILED PURSUANT TO LITIGANT'S REQUEST

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Sanaz fatemeh Naseri 940 washington st, san francisco CA, 94108 #413<br>TELEPHONE NO.: 408 500 7319 FAX NO.:<br>EMAIL ADDRESS: fnaseri03@gmail.com<br>ATTORNEY FOR (Name): | FILED<br>San Francisco County Superior Court<br>JUL 16 2025<br>CLERK OF THE COURT<br>BY: [signature] Deputy Clerk<br>GERMAN PEREZ |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>STREET ADDRESS: 400 McAllister st<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: san francisco CA, 94102<br>BRANCH NAME: civil center courthouse | |
| CASE NAME: Sanaz Naseri v. united parcel service Inc. | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CGC-25-627292 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $35,000) [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify)*: Descrimination, Harassement, failer to prevent violance, Retaliation
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 7/15/2025

Sanaz Naseri
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.





FILED PURSUANT TO LITIGANT'S REQUEST

FILED PURSUANT TO LITIGANT'S REQUEST

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

FILED PURSUANT TO LITIGANT'S REQUEST



**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form | Save this form | Clear this form

# EXHIBIT B

# NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** **DEC 17, 2025**

**TIME:** **10:30 am**

**PLACE:** **Department 610**
**400 McAllister Street**
**San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at https://sf.courts.ca.gov under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION, AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

(SEE LOCAL RULE 4)

Plaintiff **must** serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint. (CRC 3.221.) The ADR package may be accessed at https://sf.courts.ca.gov/divisions/civil-division/alternative-dispute-resolution or you may request a paper copy from the filing clerk. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400 McAllister Street, Room 103-A**
**San Francisco, CA 94102**
**adrcoordinator@sftc.org**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

# Superior Court of California, County of San Francisco
## Information Sheet
## Voluntary Expedited Jury Trial Summary

The San Francisco Superior Court encourages the use of Voluntary Expedited Jury Trials ("EJTs") in appropriate cases. EJTs provide an excellent opportunity to resolve your client's case in an expeditious and inexpensive way. Voluntary EJTs are authorized by statute. CCP §§ 630.01.

EJTs can resolve your entire case **or** a single important case critical issue that, once adjudicated, can promote resolution of the entire case (for example: course and scope of employment, causation of an injury, whether a contract was formed, etc.) EJTs promote equal access to civil justice as they are less expensive, consume fewer courtroom days, provide flexibility throughout, encourage high/low agreements to limit risk, and feature streamlined pre-trial procedures.

These are highlights of an EJT (C.C.P. §§ 630.01 et seq. and Rules of Court 3.1549 - 3.1553):

- Parties encouraged to submit a joint jury questionnaire;
- 8 jurors (6 must agree);
- 3 peremptory challenges per side;
- 5-hour time limit per side unless agreed otherwise and approved;
- One to two court days completion unless agreed otherwise and approved;
- Option to present evidence by stipulation and objection;
- High/low arrangement option;
- Limited appeal (misconduct by judge or jury substantially affecting parties' rights or corruption, or bad faith.)

If the parties agree to the Voluntary EJT, they should file and serve the completed and signed (Proposed) Consent Order for Voluntary Expedited Jury Trial, Judicial Council Form EJT-020.

# EXHIBIT C

FILED PURSUANT TO LITIGANT'S REQUEST

# FW-003 Order on Court Fee Waiver (Superior Court)

*Clerk stamps date here when form is filed.*

FILED
San Francisco County Superior Court
JUL 16 2025
CLERK OF THE COURT
BY: Deputy Clerk
GERMAN PEREZ

*Fill in court name and street address:*
**Superior Court of California, County of**
San Francisco Superior Court
Civic Center Courthouse
400 McAllister Street, Room 103
San Francisco, CA 94102-4514

*Fill in case number and name:*
**Case Number:** CGC-25-627292
**Case Name:** Sanaz Nasri v. UPS

① **Person who asked the court to waive court fees:**
Name: Sahaz (Fatemeh Naseri)
Street or mailing address: 940 washington st #413
City: San Francisco State: CA Zip: 94108

② **Lawyer, if person in ① has one** *(name, firm name, address, phone number, e-mail, and State Bar number):*

③ A request to waive court fees was filed on *(date):* JUL 16 2025
☐ The court made a previous fee waiver order in this case on *(date):*

***Read this form carefully. All checked boxes ☑ are court orders.***

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for **$10,000** or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

④ After reviewing your: ☑ *Request to Waive Court Fees* ✓ *Request to Waive Additional Court Fees*
**the court makes the following orders:**

a. ☑ The court **grants** your request, as follows:

(1) ☐ **Fee Waiver.** The court grants your request and waives your court fees and costs listed below. *(Cal. Rules of Court, rules 3.55 and 8.818.)* You do not have to pay the court fees for the following:
- Filing papers in superior court
- Making copies and certifying copies
- Sheriff's fee to give notice
- Court fee for phone hearing
- Giving notice and certificates
- Sending papers to another court department
- Reporter's fee for attendance at hearing or trial, if the court is not electronically recording the proceeding and you request that the court provide an official reporter
- Assessment for court investigations under Probate Code section 1513, 1826, or 1851
- Preparing, certifying, copying, and sending the clerk's transcript on appeal
- Holding in trust the deposit for a reporter's transcript on appeal under rule 8.130 or 8.834
- Making a transcript or copy of an official electronic recording under rule 8.835

(2) ✓ **Additional Fee Waiver.** The court grants your request and waives your additional superior court fees and costs that are checked below. *(Cal. Rules of Court, rule 3.56.)* You do not have to pay for the checked items.
☐ Jury fees and expenses
☐ Fees for court-appointed experts
☐ Other *(specify):*
☐ Fees for a peace officer to testify in court
☐ Court-appointed interpreter fees for a witness



FILED PURSUANT TO LITIGANT'S REQUEST

FILED PURSUANT TO LITIGANT'S REQUEST

Your name: Sahar Naseri

Case Number: CGC-25-627292

b. ☐ The court **denies** your fee waiver request because:

**Warning!** If you miss the deadline below, the court cannot process your request for hearing or the court papers you filed with your original request. If the papers were a notice of appeal, the appeal may be dismissed.

(1) Your request is incomplete. You have **10 days** after the clerk gives notice of this Order (see date of service ☐ on next page) to:

- Pay your fees and costs, or
- File a new revised request that includes the incomplete items listed:
  ☐ Below ☐ On Attachment 4b(1)

(2) ☐ The information you provided on the request shows that you are not eligible for the fee waiver you requested for the reasons stated: ☐ Below ☐ On Attachment 4b(2)

The court has enclosed a blank *Request for Hearing About Court Fee Waiver Order (Superior Court)* (form FW-006).You have **10 days** after the clerk gives notice of this order (see date of service below) to:

- Pay your fees and costs in full or the amount listed in c below, or
- Ask for a hearing in order to show the court more information. *(Use form FW-006 to request hearing.)*

c. (1) ☑ The court needs more information to decide whether to grant your request. You must go to court on the date on page 3. The hearing will be about the questions regarding your eligibility that are stated:
☐ Below ☐ On Attachment 4c(1)

WHETHER APPLICANT CAN AFFORD BASIC
NECESSITIES OF LIFE AND COURT FEES AND COSTS

(2) ☐ Bring the items of proof to support your request, if reasonably available, that are listed:
☐ Below ☐ On Attachment 4c(2)

**This is a Court Order.**

FILED PURSUANT TO LITIGANT'S REQUEST

FILED PURSUANT TO LITIGANT'S REQUEST

Your name: Sanaz Naseri

**Case Number:** CGC-25-627292

Name and address of court if different from above:

**Hearing Date** → Date: Aug. 06 2025 Time: 9:30AM
Dept.: 206 Room: 206

> **Warning!** If item c(1) is checked, and you do not go to court on your hearing date, the judge will deny your request to waive court fees, and you will have 10 days to pay your fees. If you miss that deadline, the court cannot process the court papers you filed with your request. If the papers were a notice of appeal, the appeal may be dismissed.

Date: JUL 16 2025

*Signature of (check one):* ☐ *Judicial Officer* ☑ *Clerk, Deputy*

GERMAN PEREZ

## Request for Accommodations

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the hearing. Contact the clerk's office for *Request for Accommodations by Persons With Disabilities and Response* (form MC-410). (Civ. Code, § 54.8.)

## Clerk's Certificate of Service

I certify that I am not involved in this case and *(check one):*

☑ I handed a copy of this Order to the party and attorney, if any, listed in ① and ②, at the court, on the date below.

☐ This order was mailed first class, postage paid, to the party and attorney, if any, at the addresses listed in ① and ②, from *(city)*: ______________________, California, on the date below.

☐ A certificate of mailing is attached.

Date: JUL 16 2025

Clerk, by ______________________, Deputy

Name: GERMAN PEREZ

SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN FRANCISCO EUREKA

FILED PURSUANT TO LITIGANT'S REQUEST

**This is a Court Order.**

# EXHIBIT D

# FW-008 Order on Court Fee Waiver After Hearing (Superior Court)

*Clerk stamps date here when form is filed.*

FILED
Superior Court of California
County of San Francisco
AUG 06 2025
CLERK OF THE COURT
BY: [signature]
Deputy Clerk

*Fill in court name and street address:*

**Superior Court of California, County of**
San Francisco
400 McAllister Street
San Francisco, CA 94102

*Fill in case number and name:*

**Case Number:**
CGC-25-627292

**Case Name:**
Sanaz Naseri v. United Parcel Service

1. **Person who asked the court to waive court fees:**
   Name: Sanaz Naseri
   Street or mailing address: P.O. Box 1679
   City: Sacramento State: CA Zip: 95812

2. **Lawyer, if person in (1) has one:** *(name, firm name, address, phone number, e-mail, and State Bar number):*

3. A request to waive court fees was filed *(date):* July 16, 2025

4. There was a hearing on *(date):* August 6, 2025
   at *(time):* 9:30 a.m. in *(Department):* 206
   The following people were at the hearing *(check all that apply):*
   ☑ Person in (1) ☐ Lawyer in (2)
   ☐ Others *(names):*

   ☐ Additional persons present listed on Attachment 4.

**Read this form carefully. All checked boxes ☒ are court orders.**

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for **$10,000** or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

5. After reviewing your: ☑ Request to Waive Court Fees ☐ Request to Waive Additional Court Fees
   **the court makes the following order:**
   a. ☑ The court **grants** your request and waives your court fees and costs as follows:
      (1) ☑ **Fee Waiver.** The court **grants** your request and waives your court fees and costs listed below *(Cal. Rules of Court, rules 3.55 and 8.818.)* You do not have to pay the court fees for the following:
      - Filing papers in superior court
      - Making copies and certifying copies
      - Sheriff's fee to give notice
      - Giving notice and certificates
      - Sending papers to another court department
      - Court fees for phone hearing
      - Reporter's fee for attendance at hearing or trial, if the court is not electronically recording the proceeding and you request that the court provide an official reporter
      - Assessment for court investigations under Probate Code section 1513, 1826, or 1851
      - Preparing and certifying the clerk's transcript on appeal
      - Holding in trust the deposit for a reporter's transcript on appeal under rule 8.130 or 8.834
      - Making a transcript or copy of an official electronic recording under rule 8.835

| **Case Name:** Sanaz Naseri v. United Parcel Service | **Case Number:** CGC-25-627292 |
|---|---|

5 a. (2) ☐ **Additional Fee Waiver.** The court **grants** your request and waives your additional superior court fees and costs that are checked below. *(Cal. Rules of Court, rule 3.56.)* You do not have to pay for the checked items.

☐ Jury fees and expenses
☐ Fees for court-appointed experts
☐ Other: *(specify):* ______
☐ Fees for a peace officer to testify in court
☐ Court-appointed interpreter fees for a witness

b. ☐ The court **denies** your request and **will not waive or reduce** your fees and costs.

(1) The reason for this denial is as follows:

(a) ☐ Your request is incomplete. You did not provide all of the information that the court requested. This missing items are specified: ☐ Below ☐ On Attachment 5b(1)(a)

(b) ☐ You did not go to court on the hearing date to provide the information the court needed to make a decision.

(c) ☐ The information you provide shows that you are not eligible for the fee waiver you requested because *(check all that apply):*

i. ☐ Your income is too high.

ii. ☐ The reasons stated: ☐ Below ☐ On Attachment 5b(1)(c)(ii)

(d) ☐ There is not enough evidence to support a fee waiver.

(e) ☐ Other reasons stated: ☐ Below ☐ On Attachment 5b(1)(e)

(2) ☐ You may pay some court fees and costs over time. You must make monthly payments of $ ______ beginning *(date):* ______ and then payable on the 1st of each month after that, until the fees checked below are paid in full.

☐ Filing fees
☐ Other *(specify):* ______

You must pay all other court fees and costs as they are due.

| **Case Name:** | **Case Number:** |
|---|---|
| Sanaz Naseri v. United Parcel Service | CGC-25-627292 |

5 c. ☐ The court **partially grants** your request so you can pay court fees without using money you need to pay for your household's basic needs. You are ordered to pay a portion of your fees, **as checked below.** The court only partially grants the request for the reasons stated: ☐ Below ☐ On Attachment 5c

(1) ☐ You must pay ______ percent of your court fees.

(2) ☐ The court waives some fees. The fees checked below are waived. You must pay all other court fees.

- ☐ Filing papers at superior court
- ☐ Sheriff's fee to give notice
- ☐ Court-appointed interpreter
- ☐ Jury fees and expenses
- ☐ Court-appointed experts' fees
- ☐ Making certified copies
- ☐ Giving notice and certificates
- ☐ Sending papers to another court department
- ☐ Court-appointed interpreter fees for a witness
- ☐ Fees for a peace officer to testify in court
- ☐ Court fees for telephone hearings
- ☐ Reporter's fee for attendance at trial or hearing by reporter provided by the court
- ☐ Other fees *(specify)*: ____________

(3) ☐ Other orders as specified: ☐ Below ☐ On Attachment 5c(3)

**Warning! If b or c above are checked:** You have **10 days** after the clerk gives notice of this order (see date below) to pay your fees as ordered, unless there is a later date for beginning payments in item b(2). If you do not pay, your court papers will not be processed. If the papers are a notice of appeal, your appeal may be dismissed.

*Date:* August 6, 2025

▶ [signature]
*Signature of Judicial Officer*
Rochelle C. East

## Clerk's Certificate of Service

I certify that I am not involved in this case and *(check one)*:

☐ I handed a copy of this order to the party and attorney, if any, listed in ① and ②, at the court, on the date below.

☒ This order was mailed first class, postage paid, to the party and attorney, if any, at the addresses listed in ① and ②, from *(city)*: San Francisco, California, on the date below.

☐ A certificate of mailing is attached.

Date: August 6, 2025

Clerk, by [signature], Deputy
Name: DONNA LOK

# EXHIBIT E

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Sanaz Naseri<br>940 Washington St, Room 413<br>San Francisco, CA 94109<br>TELEPHONE NO.: (408)500-7319 FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | FILED<br>Superior Court of California<br>County of San Francisco<br>SEP 12 2025<br>CLERK OF THE COURT<br>BOWMAN LIU |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF**<br>STREET ADDRESS: SAN FRANCISCO SUPERIOR COURT<br>MAILING ADDRESS: 400 McALLISTER - ROOM 103<br>CITY AND ZIP CODE: SAN FRANCISCO CA 94102-4512<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: Fatemeh Sanaz Naseri<br>DEFENDANT/RESPONDENT: United Parcel Service | CASE NUMBER:<br>CGC-25-627292 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents):* Right to sue letters, Notice of ~~Hearing~~ Plaintiff
3. a. Party served *(specify name of party as shown on documents served):* United Parcel Service, UPS

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):* CT corporation System
4. Address where the party was served: 330 N. Brand Blvd., Suite 700 Glendale, CA 91203
5. I served the party *(check proper box)*

   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* (2) at *(time):*

   b. [X] **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

   (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) [X] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* 9/12/2025 from *(city):* San Francisco or [ ] a declaration of mailing is attached.

   (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**POS-010**

| | |
|---|---|
| PLAINTIFF/PETITIONER: Fatemeh Sanaz Naseri<br>DEFENDANT/RESPONDENT: UPS | CASE NUMBER:<br>CGC-25-627292 |

5. c. [X] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date)*: 9/12/2025 (2) from *(city)*: San Francisco

(3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

(4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. [ ] **by other means** *(specify means of service and authorizing code section)*:

[ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. [X] as an individual defendant.

b. [ ] as the person sued under the fictitious name of *(specify)*:

c. [ ] as occupant.

d. [X] On behalf of *(specify)*:

under the following Code of Civil Procedure section:

| | |
|---|---|
| [X] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| | [ ] other: |

7. **Person who served papers**

a. Name: C Gagliardi

b. Address: 126 Birch St. Vacaville, CA 95688

c. Telephone number:

d. The fee for service was: $ 0

e. I am:

(1) [X] not a registered California process server.

(2) [ ] exempt from registration under Business and Professions Code section 22350(b).

(3) [ ] a registered California process server:

(i) [ ] owner [ ] employee [ ] independent contractor.

(ii) Registration No.:

(iii) County:

8. [X] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**or**

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 9/12/2025

Cynthia A. Gagliardi
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ [signature]
(SIGNATURE)



**For your protection and privacy, please press the Clear This Form button after you have printed the form.** Print this form Save this form Clear this form

# EXHIBIT F

# FW-008 Order on Court Fee Waiver After Hearing (Superior Court)

*Clerk stamps date here when form is filed.*

FILED
Superior Court of California
County of San Francisco
AUG 06 2025
CLERK OF THE COURT
BY: [signature]
Deputy Clerk

*Fill in court name and street address:*

**Superior Court of California, County of**
San Francisco
400 McAllister Street
San Francisco, CA 94102

*Fill in case number and name:*

**Case Number:**
CGC-25-627292

**Case Name:**
Sanaz Naseri v. United Parcel Service

**1 Person who asked the court to waive court fees:**

Name: Sanaz Naseri

Street or mailing address: P.O. Box 1679

City: Sacramento State: CA Zip: 95812

**2 Lawyer, if person in 1 has one:** *(name, firm name, address, phone number, e-mail, and State Bar number):*

3 A request to waive court fees was filed *(date):* July 16, 2025

4 There was a hearing on *(date):* August 6, 2025

at *(time):* 9:30 a.m. in *(Department):* 206

The following people were at the hearing *(check all that apply):*

☑ Person in 1 ☐ Lawyer in 2

☐ Others *(names):*

☐ Additional persons present listed on Attachment 4.

**Read this form carefully. All checked boxes ☒ are court orders.**

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for **$10,000** or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

5 After reviewing your: ☑ Request to Waive Court Fees ☐ Request to Waive Additional Court Fees

**the court makes the following order:**

a. ☑ The court **grants** your request and waives your court fees and costs as follows:

(1) ☑ **Fee Waiver.** The court **grants** your request and waives your court fees and costs listed below *(Cal. Rules of Court, rules 3.55 and 8.818.)* You do not have to pay the court fees for the following:

- Filing papers in superior court
- Making copies and certifying copies
- Sheriff's fee to give notice
- Giving notice and certificates
- Sending papers to another court department
- Court fees for phone hearing
- Reporter's fee for attendance at hearing or trial, if the court is not electronically recording the proceeding and you request that the court provide an official reporter
- Assessment for court investigations under Probate Code section 1513, 1826, or 1851
- Preparing and certifying the clerk's transcript on appeal
- Holding in trust the deposit for a reporter's transcript on appeal under rule 8.130 or 8.834
- Making a transcript or copy of an official electronic recording under rule 8.835

| **Case Name:** | **Case Number:** |
|---|---|
| Sanaz Naseri v. United Parcel Service | CGC-25-627292 |

5 a. (2) ☐ **Additional Fee Waiver.** The court **grants** your request and waives your additional superior court fees and costs that are checked below. *(Cal. Rules of Court, rule 3.56.)* You do not have to pay for the checked items.

☐ Jury fees and expenses
☐ Fees for court-appointed experts
☐ Other: *(specify)*: ____________
☐ Fees for a peace officer to testify in court
☐ Court-appointed interpreter fees for a witness

b. ☐ The court **denies** your request and **will not waive or reduce** your fees and costs.

(1) The reason for this denial is as follows:

(a) ☐ Your request is incomplete. You did not provide all of the information that the court requested. This missing items are specified: ☐ Below ☐ On Attachment 5b(1)(a)

(b) ☐ You did not go to court on the hearing date to provide the information the court needed to make a decision.

(c) ☐ The information you provide shows that you are not eligible for the fee waiver you requested because *(check all that apply)*:

i. ☐ Your income is too high.
ii. ☐ The reasons stated: ☐ Below ☐ On Attachment 5b(1)(c)(ii)

(d) ☐ There is not enough evidence to support a fee waiver.

(e) ☐ Other reasons stated: ☐ Below ☐ On Attachment 5b(1)(e)

(2) ☐ You may pay some court fees and costs over time. You must make monthly payments of $ ________ beginning *(date)*: ____________ and then payable on the 1st of each month after that, until the fees checked below are paid in full.

☐ Filing fees
☐ Other *(specify)*: ____________

You must pay all other court fees and costs as they are due.

| **Case Name:** | **Case Number:** |
|---|---|
| Sanaz Naseri v. United Parcel Service | CGC-25-627292 |

5 c. ☐ The court **partially grants** your request so you can pay court fees without using money you need to pay for your household's basic needs. You are ordered to pay a portion of your fees, **as checked below.** The court only partially grants the request for the reasons stated: ☐ Below ☐ On Attachment 5c

(1) ☐ You must pay ______ percent of your court fees.

(2) ☐ The court waives some fees. The fees checked below are waived. You must pay all other court fees.

- ☐ Filing papers at superior court
- ☐ Sheriff's fee to give notice
- ☐ Court-appointed interpreter
- ☐ Jury fees and expenses
- ☐ Court-appointed experts' fees
- ☐ Making certified copies
- ☐ Giving notice and certificates
- ☐ Sending papers to another court department
- ☐ Court-appointed interpreter fees for a witness
- ☐ Fees for a peace officer to testify in court
- ☐ Court fees for telephone hearings
- ☐ Reporter's fee for attendance at trial or hearing by reporter provided by the court
- ☐ Other fees *(specify)*:

(3) ☐ Other orders as specified: ☐ Below ☐ On Attachment 5c(3)

**Warning! If b or c above are checked:** You have **10 days** after the clerk gives notice of this order (see date below) to pay your fees as ordered, unless there is a later date for beginning payments in item b(2). If you do not pay, your court papers will not be processed. If the papers are a notice of appeal, your appeal may be dismissed.

*Date:* August 6, 2025

*Signature of Judicial Officer*
Rochelle C. East

## Clerk's Certificate of Service

I certify that I am not involved in this case and *(check one)*:

☐ I handed a copy of this order to the party and attorney, if any, listed in (1) and (2), at the court, on the date below.

☒ This order was mailed first class, postage paid, to the party and attorney, if any, at the addresses listed in (1) and (2), from *(city)*: San Francisco, California, on the date below.

☐ A certificate of mailing is attached.

Date: August 6, 2025

Clerk, by ____________, Deputy
Name: DONNA LOK