ANNIE M. TURNER (315861)
annie.turner@dinsmore.com
ROBERT D. PRINE (312432)
robert.prine@dinsmore.com
DINSMORE & SHOHL LLP
655 W Broadway, Suite 800
San Diego, CA 92101
Ph: (619) 400-0500
Fx: (619) 400-0501

Attorney for Defendant,
UNITED PARCEL SERVICE, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SANAZ NASERI,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.<br><br>Defendants. | Case No.: 4:25-cv-09638-KAW<br><br>**DEFENDANT UNITED PARCEL SERVICE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF SANAZ NASERI'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREON**<br><br>Hearing Date: January 22, 2025<br>Hearing Time: 1:30 p.m.<br>Judge: Magistrate Kandis A. Westmore<br>Dept.: TBD<br><br>Complaint Filed: July 16, 2025<br>Trial Date: Not Yet Set |

**PLEASE TAKE NOTICE** that on **January 22, 2025 at 1:30 p.m.,** or as soon thereafter as the matter may be heard in Courtroom 5 of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable Kandis A. Westmore, Defendant United Parcel Service, Inc. ("UPS") will, and hereby does, move the court to dismiss Plaintiff's Complaint ("Complaint") pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6).

UPS brings the Motion to Dismiss Plaintiff's Complaint ("Motion") on the following grounds:

1. Plaintiff's First Cause of Action fails to state a claim under FRCP 12(b)(6);

2. Plaintiff's Second Cause of Action is time barred and fails to state a claim under FRCP 12(b)(6);

3. Plaintiff's Third Cause of Action fails to state a claim under FRCP 12(b)(6);

4. Plaintiff's Fourth Cause of Action fails to state a claim under FRCP 12(b)(6);

5. Plaintiff's Fifth Cause of Action fails to state a claim under FRCP 12(b)(6);

6. Plaintiff's Sixth Cause of Action fails to state a claim under FRCP 12(b)(6); and

7. Plaintiff's Seventh Cause of Action is unintelligible and fails to state a claim under FRCP 12(b)(6).

UPS' Motion is based upon this Notice of Motion and the accompanying Memorandum of Points and Authorities, the Declaration of Robert D. Prine in support thereof, any oral argument as may be presented at the hearing, and all other papers, records, and pleadings on file in this action, as well as any additional evidence and argument as the Court may allow prior to, during, or after the hearing on this Motion.

Respectfully submitted,

Dated: November 14, 2025

DINSMORE & SHOHL LLP

By: */s/ Robert D. Prine*
Annie M. Turner
Robert D. Prine
Attorney for Defendant,
UNITED PARCEL SERVICE, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Sanaz Naseri's ("Plaintiff") Complaint alleges seven (7) causes of action against United Parcel Service, Inc ("UPS") arising out of her employment. Plaintiff alleges violations of the California Fair Employment and Housing Act ("FEHA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and unspecified parts of the "Labor Code." However, each of Plaintiff's claims fail to meet the pleading requirements in federal court. Rather than alleging facts that, if true, would satisfy the necessary elements of her claims, Plaintiff relies on conclusory statements, insufficient allegations, and time-barred facts. As currently drafted, Plaintiff's Complaint is deficient, and this Court should grant UPS' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

### II. PLAINTIFF'S ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff, who is *pro per*, filed her complaint ("Complaint") in the Superior Court of California, County of San Francisco on July 16, 2025. *See* Declaration of Robert D. Prine in Support of Defendant UPS Inc.'s Motion to Dismiss Plaintiff's Complaint ("Prine Decl."), ¶ 2, Ex. A, Docket No. 1-1 (Complaint). The Complaint alleges the following causes of action: (1) discrimination based on national origin (FEHA & ADA); (2) harassment (FEHA); (3) retaliation (FEHA & Title VII); (4) failure to accommodate (ADA & FEHA); (5) failure to prevent harassment and retaliation (FEHA); (6) intentional infliction of emotional distress; and (7) violations of Labor Code (Wage Theft, Overtime, Safety). Prine Decl., ¶ 2, Ex. A, Docket No. 1-1, Pg. 5, ¶¶ 19-26.

Plaintiff is a U.S. citizen of Iranian origin. Prine Decl., ¶ 2, Ex. A, Docket No. 1-1, Pg. 3, ¶ 4. According to the Complaint, UPS hired Plaintiff in 2018. *Id.*, at Pg. 4, ¶ 7. From 2019 to 2021, she allegedly endured "sexual and physical abuse by a manager, resulting in surgery." *Id.*, ¶ 8. She reported this "harassment, national origin, discrimination, and retaliation, including comments by Walter Harris and Russel George." *Id.*, ¶ 9.[1] Plaintiff also purportedly filed OSHA complaints, police

[1] The Complaint does not discuss Walter Harris and Russel George's importance (e.g., whether they are supervisors and/or managing agents). They are not identified as defendants. Accordingly, any conduct by Harris and George do not impute liability on UPS.

reports, and union grievances. *Id.*, ¶ 11. She generally alleges that UPS "failed to provide proper remedies or stop the hostile work environment." *Id.*, ¶ 13.

Plaintiff's Complaint then describes "recent union grievances and statements." Prine Decl., ¶ 2, Ex. A, Docket No. 1-1, Pg. 4-5, ¶¶ 14-17. Plaintiff cites statements by Cindy Gagliardi, a "union representative", who (1) confirmed obstruction by George who was purportedly denying Plaintiff "breaks needed for her approved medication" and (2) attested that George "made work intentionally harder despite available alternatives, showing deliberate harassment." *Id.*, Pg. 4, ¶¶ 14 -15. Plaintiff also vaguely cites to an official union grievance documenting that Plaintiff was surrounded by multiple managers, was "shaking and weeping," and "made to feel threatened over a minor issue." *Id.*, ¶ 16. Plaintiff also cites a July 3, 2025, workplace safety grievance where she was purportedly mocked about her accent, subjected to harassment, and sustained a workplace injury "due to stress and unsafe conditions." *Id.*, Pg. 5, ¶ 17. Plaintiff finally asserts that, "[d]espite these union filings, UPS has failed to provide any meaningful resolution or ensure a safe and respectful work environment." *Id.*, ¶ 18.

On November 7, 2025, UPS removed the case to the U.S. District Court, Northern District of California. Prine Decl., ¶ 3; *See* Docket No. 1.

## III. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) may be brought when a plaintiff fails to state a claim upon which relief can be granted. Per applicable pleading standards, it is a plaintiff's obligation to provide the grounds of her entitlement to relief based upon more than mere labels and conclusions; a formulaic recitation of a cause of action's elements will not satisfy pleading requirements. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n. 2 (1986). Rather, a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). A party's failure to plead "enough facts to state a claim to relief that is plausible on its face," warrants dismissal of the claim. *Twombly*, 550 U.S. at 570. Further, the court

cannot assume that the plaintiff can prove facts that have not specifically been alleged. *Country Nat'l Bank v. Mayer*, 788 F. Supp. 1136, 1139 (E.D. Cal. 1992).

Dismissal with prejudice is proper if, after reviewing the complaint, the documents it refers to or attaches, and the information for which the Court takes judicial notice, "it is apparent … that granting leave to amend … would [be] futile…." *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 772 (9th Cir. 1991). The Court has no obligation to permit an amendment to the complaint if "it determines the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). A "pro se litigant is not excused from knowing the most basic pleading requirements" or from following court rules. *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000).

## IV. LEGAL ARGUMENT

### A. Plaintiff's First Cause of Action for National Origin Discrimination in Violation of the FEHA and Title VII Fails to State a Claim Upon Which Relief May Be Granted

To allege a *prima facie* case of discrimination under the FEHA, Plaintiff must allege facts showing (1) she is a member of a protected class; (2) she was performing competently in the position she held; (3) she suffered an adverse employment action, such as termination or discipline; and (4) "[s]ome other circumstance [that] suggests discriminatory motive." *Guz v. Bechtel*, 24 Cal. 4th 317, 355 (2000). Additionally, Plaintiff must allege facts that establish a causal nexus between the adverse employment action and her protected characteristic. *Id*. at 361 ("Still, there must be evidence supporting a rational inference that intentional discrimination, on grounds prohibited by statute, was the true cause of the employer's actions.").

To allege a *prima facie* case for discrimination under Title VII of the Civil Rights Act of 1974 ("Title VII"), a Plaintiff has the burden of showing: "(1) [she] is a member of a protected class, (2) [she] was performing according to his employer's legitimate expectations, (3) [she] suffered an adverse employment action, and (4) other employees with qualifications similar to [her] own were treated more favorably." *Abito v. United Airline*, No. C 99-0085 SC, 2000 U.S. Dist. LEXIS 5912, at * (N.D. Cal. May 1, 2000).

While Plaintiff's Complaint plausibly alleges that she of Iranian descent and that she "performed her duties with excellence," there is nothing to indicate that she suffered an adverse employment action. Prine Decl., ¶ 2, Ex. A, Docket No. 1-1, Pg. 3-4, ¶¶ 4 and 7. Plaintiff does not allege that she was terminated or disciplined during her employment. Although Plaintiff vaguely cites to "UPS management" "blocking promotions, fabricating warnings, isolating Plaintiff, and refusing accommodations" there is nothing in the Complaint that indicates when these events purportedly occurred, what position she was denied, or that any of these purported actions altered the terms or conditions of her employment in any way. *Id.*, Pg. 4, ¶ 10. Even if these actions could be considered an adverse employment action, there is nothing alleged that any of these actions were motivated by Plaintiff's national origin, or any other protected basis. Simply put, Plaintiff cannot show an adverse employment action or an adverse employment action motivated by her national origin. Additionally, Plaintiff cannot satisfy the fourth element of a Title VII claim because she cannot point to other similarly situated employees who were treated more favorably.

Plaintiff briefly mentions that UPS also discriminated against her based on her disability. Prine Decl., ¶ 2, Ex. A, Docket No. 1-1, Pg. 5, ¶ 20. As a preliminary matter, however, Title VII does not prohibit disability discrimination. Although the FEHA prohibits disability discrimination, Plaintiff does not identify her disability or explain how her disability constitutes a "physiological disease, disorder, condition, cosmetic disfigurement, or anatomical loss that that affects one or more of the body's major systems and limits a major activity." *See* Cal. Gov't Code Sec. 12926(m)(1). Therefore, Plaintiff cannot state a cause of action for discrimination under any legal theory.

**B. <u>Plaintiff's Second Cause of Action for FEHA Harassment is Time Barred and Fails to State a Claim Upon Which Relief May Be Granted</u>**

To establish a *prima facie* case of sexual harassment under the FEHA, a plaintiff needs to prove that: (1) she belongs to a protected group, (2) she was harassed, (3) based on her protected status, and (4) the harassment was sufficiently severe or pervasive to alter the conditions of her employment. *Jones v. Dep't of Corrections & Rehabilitation*, 152 Cal. App. 4th 1367, 1377 (2007). The harassment must be both objectively and subjectively offensive. *Lyle v. Warner Bros. Television Production*, 38 Cal. 4th 264, 284 (2006); *Aguilar v. Avis Rent A Car Systems, Inc.*, 21 Cal. 4th 121,

130-31 (1999). Sufficiently "severe or pervasive" means Plaintiff must show extremely offensive behavior or a repeated, routine, or generalized pattern of harassment. *Lyle,* 38 Cal. 4th at 284; *Aguilar,* 21 Cal. 4th at 131. Unlike discrimination claims, harassment consists of conduct outside of common personnel management duties such as hiring, firing, and promotions. *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th, 55, 63 (1996).

As a preliminary matter, Plaintiff's "sexual and physical abuse" allegations from 2019 to 2021 appear to fall outside the applicable statute of limitations. Plaintiff had three (3) years from the unlawful harassment to file a complaint with the California Civil Rights Department. *See* Cal. Gov't Code Sec. 12960(e)(5). Plaintiff submitted a complaint with the CRD on September 17, 2024, however, there is no allegation that the "sexual and physical abuse" continued beyond September 17, 2021. Prine Decl., ¶ 2, Ex. A, Docket No. 1-1, Pg. 7.

Nevertheless, the allegations in Plaintiff's Complaint do not rise to harassment under the FEHA. Plaintiff alleges just two statements made during a three-year period, one of which was merely a statement of fact that Plaintiff herself alleges in the Complaint. Prine Decl., ¶ 2, Ex. A, Docket No. 1-1, Pg. 4, ¶ 9. There is nothing to indicate that these comments were extremely offensive or were made routinely through her years of employment. Plaintiff also does not allege that the harassment was severe or pervasive to alter the conditions of her employment. On the contrary, Plaintiff continued to work at UPS years following the alleged "sexual and physical abuse." Therefore, Plaintiff's harassment complaint should be dismissed pursuant to FRCP 12(b)(6).

### C. Plaintiff's Third Cause for Retaliation Under the FEHA and Title VII Fails to State a Claim Upon Which Relief May Be Granted

To assert a *prima facie* case of FEHA retaliation, Plaintiff must show that she "engaged in a 'protected activity,' her employer subjected her to an adverse employment action, and [] a causal link existed between the protected activity and the employer's action." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005). Likewise, to assert a *prima facie* retaliation case under Title VII, Plaintiff must allege that (1) she "engaged in protected activity," (2) "she suffered a materially adverse action," and (3) "there was a causal relationship between the two." *Westendorf v. W. Coast Contractors of Nev., Inc.*, 712 F. 3d 417, 422 (9th Cir. 2013).

Like Plaintiff's first cause of action for discrimination under the FEHA and Title VII, Plaintiff cannot show that she suffered from an adverse employment action. Even if she could allege an adverse employment action, there is no allegation in her Complaint that she engaged in "protected activity" under either the FEHA or Title VII. Thus, she cannot create a causal link between a protected activity and an adverse employment action. Instead, Plaintiff baldly alleges UPS "retaliated for Plaintiff's complaints to OSHA, the EEOC, and the Union." Prine Decl., ¶ 2, Ex. A, Docket No. 1-1, Pg. 5, ¶ 22. Other than this conclusory remark, Plaintiff does not describe when she made these complaints, and which adverse employment actions were related to these complaints. As such, this claim also fails.

**D. <u>Plaintiff's Fourth Cause of Action for Failure to Accommodate Under the FEHA and the ADA Fails to State a Claim Upon Which Relief May Be Granted</u>**

To allege a failure to accommodate claim under the FEHA, Plaintiff must allege sufficient facts to show that (1) she has a disability or medical condition or was regarded as suffering from a disability; (2) Plaintiff could perform the essential duties of her job with or without reasonable accommodations; and (3) UPS failed to reasonably accommodate her requested accommodation. *See Wilson v. County of Orange*, 169 Cal. App. 4th 1185, 1192 (2009).

Similarly, to state a *prima facie* claim for failure to accommodate under the ADA, Plaintiff must allege sufficient facts to show that (1) she is disabled under the meaning of the ADA; (2) she is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) she suffered an adverse employment action because of her disability. *Samper v. Providence St. Vincent Med. Ctr.*, 675 F. 3d 1233, 1237 (9th Cir. 2012).

Plaintiff has alleged *none* of the required elements of these claims. Instead, Plaintiff baldly asserts that UPS "refused reasonable accommodations for Plaintiff's documented medical needs." Prine Decl., ¶ 2, Ex. A, Docket No. 1-1, Pg. 5, ¶ 23. Plaintiff does not allege that she is disabled under the FEHA, i.e., that her nebulous disability impacted a major life activity. She makes no mention of whether she could perform her position with or without accommodation. Finally, like her discrimination and retaliation claims above, Plaintiff does not allege she suffered an adverse employment action. Therefore, Plaintiff also cannot advance this claim against UPS.

**E. <u>Plaintiff's Fifth Cause of Action for Failure to Prevent Harassment, Discrimination, or Retaliation Under the FEHA Fails to State a Claim Upon Which Relief May Be Granted</u>**

To assert a "failure to prevent" claim under the FEHA, Plaintiff must allege sufficient facts to show that: (1) she was subjected to harassment, discrimination, or retaliation; (2) UPS failed to take all reasonable steps to prevent the harassment, discrimination, or retaliation; and (3) this failure cause Plaintiff harm. *See Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 804 (N.D. Cal. July 14, 2015). A "failure to prevent" claim is ultimately a derivative claim, thus, there can be no liability without a finding of underlying discrimination, harassment, or retaliation. *See Cagno v. Supreme Morg. Lending, Inc.*, No. 24-CV-04713-PHK, 2025 U.S. Dist. LEXIS 23873, at *9-10 (N.D. Cal. Feb. 10, 2025) (granting motion to dismiss as to failure to prevent harassment claim because plaintiff failed to state a cause of action to support harassment); *Suarez v. Bank of Am. Corp*, No. 18-CV-01202-MEJ, 2018 U.S. Dist. LEXIS 90290, at *21 (N.D. Cal. May 30, 2018) (same).

Because Plaintiff cannot set forth facts supporting her discrimination, harassment, or retaliation claims, it follows that Plaintiff's derivative claim for failure to prevent fails as well.

**F. <u>Plaintiff's Sixth Cause of Action for Intentional Infliction of Emotional Distress Fails to State a Claim Upon Which Relief May Be Granted</u>**

In order to state a claim for intentional infliction of emotional distress ("IIED"), "a plaintiff must allege: (1) outrageous conduct, so extreme as to exceed all bounds of that usually tolerated in a civilized community, (2) an intent to cause or a reckless disregard of the possibility of causing emotional distress, (3) severe or extreme emotional distress, and (4) that the outrageous conduct proximately caused the emotional distress." *Thompson v. Macy's West Stores, Inc.*, No. C 12-02294 WHA, 2012 U.S. Dist. LEXIS 144702, at *3-4 (N.D. Cal. Oct. 5, 2012). California courts have long held that employer's conduct must be more than "mere profanity, obscenity, or abuse, without circumstances of aggravation . . . ." *Yurick v. Superior Court*, 209 Cal. App. 3d 1116, 1128 (1989); *See also Haley v. Cohen & Steers Capital Mgmt.*, 871 F. Supp. 2d 944, 960 (N.D. Cal May 11, 2012) (rude and offensive comments insufficient to establish IIED claim).

Plaintiff's allegations do not rise to the extreme and outrageous conduct necessary to support an IIED claim. As a threshold matter, the purported comments attributed to Walter Harris and Russel George in Paragraph 9 of the Complaint cannot be imputed to UPS. Plaintiff does not allege any cognizable legal theory that extends liability from these ambiguous actors to UPS. Indeed, Plaintiff's only allegation against UPS directly is that it failed to act and prevent a hostile work environment. This is simply not enough to support an IIED claim.

### G. Plaintiff's Seventh Cause of Action for "Labor Code Violations" Fails to State a Claim Upon Which Relief May Be Granted

Plaintiff's final cause of action is an amalgamation of multiple unspecified "Labor Codes" regarding "wage theft," "overtime" and "safety." The only support for this vague cause of action is Plaintiff's 26th paragraph which states, in full, that UPS "failed to pay all wages due, maintained unsafe conditions, and retaliated for wage and safety complaints." Prine Decl., ¶ 2, Ex. A, Docket No. 1-1, Pg. 5, ¶ 26. Plaintiff, however, does not specify which "Labor Codes" are violated by this conclusory conduct. Assuming, *arguendo*, Plaintiff is referring to the California Labor Code, there are multiple Labor Codes related to failing to pay wages and retaliation. Accordingly, UPS cannot prepare a defense or determine which legal defenses may be available in response to this cause of action. For this reason alone, dismissal is warranted as to this cause of action.

## V. CONCLUSION

For the foregoing reasons, UPS requests the Court dismiss Plaintiff's Complaint.

Respectfully submitted,

Dated: November 14, 2025

DINSMORE & SHOHL LLP

By: */s/ Robert D. Prine*
Annie M. Turner
Robert D. Prine
Attorney for Defendant,
UNITED PARCEL SERVICE, INC.

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on November 14, 2025, a true copy of this document was served by electronic mail upon all registered CM/ECF users, and by United States Postal Service upon all non-registered CM/ECF users in this case as indicated below:

Sanaz Naseri
940 Washington Street, Room 413
San Franciso, CA 94108
Telephone: (408) 500-7319
E-mail: Fnaseri03@gmail.com

I declared under penalty of perjury under the laws of the United States of America that the above is true and correct.

*/s/ Robert D. Prine*
Robert D. Prine