ANNIE M. TURNER (315861)
annie.turner@dinsmore.com
ROBERT D. PRINE (312432)
robert.prine@dinsmore.com
DINSMORE & SHOHL LLP
655 W Broadway, Suite 800
San Diego, CA 92101
Ph: (619) 400-0500
Fx: (619) 400-0501

Attorney for Defendant,
UNITED PARCEL SERVICE, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SANAZ NASERI,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.<br><br>Defendants. | Case No.: 3:25-cv-09638-RFL<br><br>**DEFENDANT UNITED PARCEL SERVICE, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND TO STATE COURT AND OPPOSITION TO REMOVAL**<br><br>Judge: Magistrate Rita F. Lin<br>Dept.: Courtroom 15<br><br>Complaint Filed: July 16, 2025<br>Trial Date: Not Yet Set |

Defendant United Parcel Service, Inc. ("UPS") through its undersigned counsel hereby submits this Opposition to Plaintiff Sanaz Naseri's ("Plaintiff") Motion to Remand to State Court and Opposition to Removal ("Motion").

## I. INTRODUCTION

Plaintiff seeks to evade this Court's jurisdiction arguing primarily that UPS' removal of her complaint was procedurally improper. On the contrary, UPS met the requirements of the Federal Rules of Civil Procedure – both procedurally and substantively. In fact, Plaintiff ***admits*** that UPS filed its notice of removal within thirty (30) days of when she served the Complaint. Nevertheless,

Plaintiff argues UPS' notice of removal was untimely because Plaintiff filed a request for entry of default ***three days after*** UPS filed its notice of removal. The case, however, was already removed and, as a matter of law, the state court has no jurisdiction to adjudicate the entry of default.

Plaintiff also challenges the substance of the notice of removal, specifically that the federal claims do not confer exclusive jurisdiction over her state claims and "California state courts have superior jurisdiction" over her claims. However, Plaintiff brings multiple causes of action under federal laws – i.e., Title VII of the Civil Rights Act ("Title VII") and the Americans with Disabilities Act ("ADA") – which all arise out of the same nucleus of operative fact as her state law claims (i.e., Plaintiff's employment, alleged comments by supervisors, etc.). As such, this Court should exercise supplemental jurisdiction over Plaintiff's state law claims.

Even if the Court does not exercise supplemental jurisdiction over the non-federal claims, removal is still proper under 28 U.S.C. § 1332 (diversity jurisdiction). Indeed, Plaintiff does not argue that removal was improper based on either complete diversity of citizenship or the amount in controversy. Accordingly, removal is proper and Plaintiff's Motion should be denied.

## II. FACTUAL AND PROCEDURAL HISTORY

Plaintiff, who is *pro per*, filed her complaint ("Complaint") in the Superior Court of California, County of San Francisco on July 16, 2025. *See* Declaration of Robert D. Prine in Support of Defendant UPS Inc.'s Opposition to Plaintiff's Motion to Remand to State Court and Opposition to Removal ("Prine Decl."), ¶ 2; Docket No. 1-1 (Complaint). The Complaint alleges the following causes of action: (1) discrimination based on national origin (FEHA & ADA); (2) harassment (FEHA); (3) retaliation (FEHA & Title VII); (4) failure to accommodate (ADA & FEHA); (5) failure to prevent harassment and retaliation (FEHA); (6) intentional infliction of emotional distress; and (7) violations of Labor Code (Wage Theft, Overtime, Safety). Docket No. 1-1, Pg. 5, ¶¶ 19-26. The Complaint seeks, *inter alia*, (1) general and special damages (e.g., lost wages and emotional distress damages); (2) punitive damages; (3) civil penalties; and (4) costs of suit and statutory fees. Docket No. 1-1, at Pg. 4. The Complaint asserts that Plaintiff is domiciled in California and UPS is the only named defendant in the case. *See* Docket No. 1-1.

/ / /

Plaintiff served the Complaint on UPS on October 10, 2025. *See* Prine Decl., ¶ 3. On November 7, 2025, UPS removed this action from the Superior Court of California, County of San Francisco to the United States Court for the Northern District of California based on 28 U.S.C. § 1331 (federal question) and § 1332 (diversity jurisdiction). *Id.*, at ¶ 4; Docket No. 1. UPS provided notice of removal to Superior Court of California, County of San Francisco that same day. *See* Prine Decl., ¶ 5. On November 10, 2025, Plaintiff allegedly filed a notice of entry of default with the Superior Court of California, County of San Francisco. On November 13, 2025, Plaintiff filed "Plaintiff's Motion to Remand to State Court and Opposition to Removal" ("Motion"). *Id.*, at ¶ 6. UPS filed a motion to dismiss Plaintiff's Complaint in the Northern District of California on November 14, 2025. *Id.*, at ¶ 7. For the reasons set forth below, the Court should deny Plaintiff's Motion and retain jurisdiction through the pendency of Plaintiff's lawsuit.

## III. ARGUMENT

### A. <u>The Notice of Removal is Procedurally Proper</u>

A notice of removal "shall be filed within 30 days after the receipt by the defendant." 28 U.S.C. § 1441(b)(1). Following removal, a defendant must answer or present other defenses or objections under the Federal Rules of Civil Procedure within 7 days after the notice of removal is filed. Fed. R. Civ. Proc. R. 81(c)(2)(C).

Plaintiff acknowledges that she served UPS with her Complaint on October 10, 2025. *See* Dkt. 6 (Opposition), Pg. 3, Ln. 11-12. Plaintiff also agrees that she received an email from UPS' counsel on November 7, 2025 attaching the notice of removal. *Id.*, at Ln. 23-26. Indeed, the court's own docket shows the notice of removal was filed on November 7, 2025, less than 30 days after Plaintiff served her Complaint on UPS. *See* Dkt. No. 1. UPS filed its responsive pleading – a motion to dismiss – on November 14, 2024. *See* Dkt. No. 7. Accordingly, UPS' notice of removal, and its subsequent responsive pleading, were filed timely.

Notwithstanding the foregoing, Plaintiff argues that the notice of removal was improper since it was not assigned a case number, docket stamp, or judge's name on November 7, 2025, "falsely implying that the case had already been removed." *See* Dkt. 6, Pg. 3, Ln. 23-26. As demonstrated by the docket, however, the notice of removal was filed on November 7, 2025. The fact that the

Northern District cannot immediately assign a removed case a judge and case number does not impact the legitimacy of removal. Accordingly, the notice of removal is procedurally proper.

Plaintiff also argues UPS' notice of removal was untimely because Plaintiff apparently filed a request for entry of default ***three days after*** UPS filed its notice of removal. *See* Dkt. 6, Pg. 2, Ln. 1 – 3. Plaintiff's notice of default, however, is improper since UPS filed a notice of removal with the state court on November 7, 2025 and, thus, the state court lacked jurisdiction to consider Plaintiff request for default. *See In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. MDL 2672 CRB (JSC), 2019 U.S. Dist. LEXIS 62007, at * 5 (N.D. Cal. Apr. 10, 2019) ("[N]otice of removal, whether timely or not, divests the state court of jurisdiction (at least until the case is remanded."); *see also Vaughan v. Quicken Loans Inc.*, 2:25-cv-04020-MWC-AGR, 2025 U.S. Dist. LEXIS 96078, at *4-5 (C.D. Cal. May 20, 2025) (finding "no procedural deficiencies in removal" since notice of removal was filed before notice of default).

Finally, Plaintiff vaguely asserts that the notice of removal was filed in "bad faith." Plaintiff believes that the federal court "cannot fully address or compensate for [her] state law causes of action." *See* Dkt. 6, Pg. 5, Ln. 22-24. On the contrary, Plaintiff's allegations and causes of action are routinely managed by this District through trial. UPS' removal was not brought in bad faith, but rather based on the reasons set forth in its notice of removal and as set forth below.

**B. <u>Plaintiff's Case Was Properly Removed Based on Federal Question Jurisdiction and Diversity Jurisdiction Under 28 U.S.C. §§ 1331 and 1332</u>**

**1. <u>Federal Question Jurisdiction is Proper</u>**

**a. Plaintiff's Claim Arise Under Federal Law**

A state action may be removed to federal court based on original federal question jurisdiction if the action is "founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1331(b). A claim "arises under" federal law if: (1) federal law creates the cause of action; or (2) plaintiff's right to relief depends upon resolution of a substantial question of federal law. *See, e.g.*, *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

/ / /

Here, Plaintiff asserts three causes of action created by federal law: (1) discrimination in violation of Title VII of the Civil Rights Act ("Title VII"); (2) retaliation in violation of Title VII; and (3) failure to accommodate under the Americans With Disabilities Act ("ADA"). Therefore, UPS easily satisfies the requirements of federal question jurisdiction.

Additionally, Plaintiff's remedies depend upon resolution of a substantial question of federal law. For example, this Court will need to decide, *inter alia*, whether (1) Plaintiff was a qualified individual under Title VII; (2) whether she suffered an "adverse employment action" under Title VII; and (3) whether Plaintiff was treated differently "because of" her race/nationality. *See*, *e.g.*, *University of Texas Southwestern Medical Center v. Nassar*, 570 U.S. 338, 347 (2013) (enumerating seven specified criteria for discrimination claims including race and national origin); *Chuang v. University of California Davis, Board of Trustees*, 225 F.3d 1115, 1126 (9th Cir. 2000) (defining an "adverse employment action"); *Bostock v. Clayton Cnty.*, 140 S. Ct. 1731, 1739 (2020) (explaining "because of" and but-for causation in context of claim under Title VII). Likewise, this Court will need to decide, *inter alia*, whether (1) Plaintiff suffered from a physical or mental impairment under the ADA; (2) whether UPS received adequate notice of Plaintiff's disability; and (3) whether Plaintiff's accommodation request (if any) was reasonable under the ADA. *See*, *e.g.*, *Snapp v. United Transp. Union*, 889 F.3d 1088, 1095 (9th Cir. 2018) (setting forth the elements for a failure to accommodate claim under the ADA); 42 U.S.C. § 12102(1) (defining a disability under the ADA). Therefore, this Court must also resolve substantial questions of federal law in this case.

### b. Supplemental Jurisdiction is Appropriate Since Plaintiff's State Law Claims Are Intertwined With Her Federal Claims

Pursuant to 28 U.S.C. § 1367, the Court should exercise supplemental jurisdiction over Plaintiff's state law claims because they are so related to Plaintiff's federal claims under Title VII and the ADA that they form part of the same case or controversy under Article III of the United States Constitution. *See* 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). For supplemental jurisdiction to

be appropriate, the state and federal claims must "derive from a common nucleus of fact" so that a party "would ordinarily be expected to try them all in one judicial proceeding *" United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).

Here, the facts of all Plaintiff's claims are interrelated, rendering supplemental jurisdiction appropriate. Notably, all of Plaintiff's state law claims arise out of the same employment relationship and treatment by the same supervisors giving rise to her Title VII and ADA claims. Specifically, Plaintiff's claims under the FEHA for race/national origin disability mirror her Title VII allegations. Likewise, Plaintiff's failure to accommodate claim under the FEHA arises out of the same facts and circumstances of her ADA claim. In fact, Plaintiff's Complaint stylistically fuses the FEHA, ADA, and Title VII causes of action in her first, third, and fourth causes of action. Plaintiff's second cause of action for harassment is also based on her race/national origin (the basis for her Title VII claim) and her FEHA failure to prevent claim is derivative of her discrimination claims under the ADA. Plaintiff's intentional infliction of emotional distress claim likewise arises out of her treatment at UPS. Finally, Plaintiff's nebulous "violations of the Labor Code" also arise from the same facts and circumstances alleged in her federal causes of action. Given the similarities in time-periods, claims, and facts between her federal claims and state claims, the Court should exercise supplemental jurisdiction over Plaintiff's state law claims.

Plaintiff's state law claims do not raise novel or complex issues of California law and her state law claims do not substantially predominate over her federal claims. *See* 28 U.S.C. § 1367(c); *Malloy v. Regents of the Univ. of Cal.*, Case No. 19-cv-07995 SBA, 2021 U.S. Dist. LEXIS 182668, at *14-15 (N.D. Cal. Aug. 18, 2021). Claims for discrimination and retaliation under the FEHA and the California Labor Code are often overseen by federal courts. Likewise, claims for intentional infliction of emotional distress are commonly adjudicated by federal courts.

Declining to exercise supplemental jurisdiction over Plaintiff's state law claims under these circumstances could result in parallel proceedings regarding the same nucleus of operative facts, one in state court and the other in federal court. Such an outcome would inconvenience the parties, unnecessarily expend scarce judicial resources, and create the potential for inconsistent judgments. See *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997); *Kinder v Citibank*, 99-cv-2500-

W-JAH, 2000 U.S. Dist. LEXIS 13853, at *4 (S.D. Cal. Sept. 14, 2000) (requiring the parties to maintain separate suits in state and federal court would "undermine the purposes of supplemental jurisdiction"). Accordingly, this Court should retain jurisdiction over Plaintiff's entire Complaint.

**2. <u>Diversity Jurisdiction is Proper</u>**

If this Court is not inclined to exercise supplemental jurisdiction over Plaintiff's entire Complaint, this court still has subject matter jurisdiction over the case under 28 U.S.C. § 1332 (diversity jurisdiction). Indeed, ***Plaintiff does not dispute*** that removal based on diversity of citizenship was improper. As stated in the Notice of Remand, removal was proper pursuant to 28 U.S.C § 1332 for the following reasons:

**a. Complete Diversity of Citizenship Exists**

A person is a citizen of the state in which he or she domiciled. *Kanter v. Warner-Lambert Co.*, 265 F. 3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resided with the intention to remain or to which she intends to return." *Id.* (*citing Lew v. Moss*, 797 F. 2d 747, 749 (9th Cir. 1986)). Citizenship of a corporate litigant is determined by the place of its incorporation or the location of its principal place of business. 28 U.S.C. § 1332(c)(1); *Breitman v. May Co. California,* 37 F.3d 562, 564 (9th Cir 1994).

As stated in Plaintiff's Complaint, Plaintiff is an individual domiciled in the state of California. Therefore, Plaintiff is a citizen of the State of California when this action was filed in state court, at the time of removal, and at all other times throughout the pendency of this case, and is, therefore, a citizen of California within the meaning of 28 U.S.C. § 1332.

As stated in the Notice of Removal, UPS is a corporation formed under the laws of Ohio. UPS has its principal place of business in Georgia, which is where its officers direct, control, and coordinate the company's activities, and where its executive, administrative, financial and management functions are concentrated. Accordingly, UPS is a citizen of the states of Ohio and Georgia. It is not a citizen of the State of California for removal purposes. Thus, there is complete diversity of citizenship between the two named parties in this suit.

/ / /

/ / /

**b. Amount in Controversy**

An action may be removed where the defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The United States Supreme Court held that, "as specified in §1446(a), a defendant's notice of removal need include only a *plausible allegation* that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basine Operating Co. LLC v. Owens*, 135 S. Ct. 547, 554 (emphasis added). The Ninth Circuit has also rejected application of the legal certainty standard for removals. *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) ("A defendant seeking removal … must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum").

Again, Plaintiff does not disclaim that the total amount at stake exceeds $75,000. Based on comparable jury verdicts, it is certainly plausible that Plaintiff's emotional distress damages alone exceeds $75,000 for purposes of calculating the amount in controversy. *See*, *e.g.*, *Diaz v. Tesla, Inc.*, 598 F. Supp. 3d 809, 845-46, (N.D. Cal. April 13, 2022) ($4,500,000 in compensatory damages remitted to $1,500,000 in race discrimination case); *Newton v. Equilon Enters., LLC dba Shell Oil Productions US*, 411 F. Supp. 3d 856, 865 (N.D. Cal. Sept. 18, 2019) (denying renewed motion for judgment of law after jury awarded plaintiff $475,000 for past and future emotional distress in FEHA discrimination and retaliation case). The notice of removal also cites to a comparable jury verdict where a Plaintiff obtained $13.5 million in punitive damages. *See*, *e.g.*, *Diaz*, 598 F. Supp. 3d at 845-46, ($130,000,000 in punitive damages remitted to $13,500,000 in race discrimination case). In addition, Plaintiff seeks punitive damages and Labor Code penalties, which only further increase the amount in controversy. See, e.g., *Diaz,* 598 F. Supp. 3d at 845-46, ($130,000,000 in punitive damages remitted to $13,500,000 in race discrimination case); *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 720 (2009) ($1,905,000 punitive damages against employer for disability-based claims after modification by appellate court); *Lopez v. Bimbo Bakeries USA, Inc.*, No. CGC-05-445104, 2007 Cal. Super. LEXIS 7699, *3 (Cal. Super. Ct. June 21, 2007) ($2,000,000 punitive damages for discrimination and failure to accommodate claims). Again, Plaintiff does not dispute that UPS satisfies the amount in

controversy requirement. As such, diversity jurisdiction exists as a separate, independent reason for the Court to retain jurisdiction over this case.

## IV. CONCLUSION

Plaintiff has failed to establish that removal was inappropriate based on procedural or substantive grounds. Accordingly, UPS respectfully requests that the Court deny Plaintiff's Motion in its entirety.

Respectfully submitted,

Dated: December 1, 2025

DINSMORE & SHOHL LLP

By: */s/ Robert D. Prine*
Annie M. Turner
Robert D. Prine
Attorney for Defendant,
UNITED PARCEL SERVICE, INC.

\

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on December 1, 2025, a true copy of this document was served by electronic mail upon all registered CM/ECF users, and by United States Postal Service upon all non-registered CM/ECF users in this case as indicated below:

Sanaz Naseri
940 Washington Street, Room 413
San Franciso, CA 94108
Telephone: (408) 500-7319
E-mail: Fnaseri03@gmail.com

I declared under penalty of perjury under the laws of the United States of America that the above is true and correct.

*/s/ Robert D. Prine*
Robert D. Prine