ANNIE M. TURNER (315861)
annie.turner@dinsmore.com
ROBERT D. PRINE (312432)
robert.prine@dinsmore.com
DINSMORE & SHOHL LLP
655 W Broadway, Suite 800
San Diego, CA 92101
Ph: (619) 400-0500
Fx: (619) 400-0501

Attorney for Defendant,
UNITED PARCEL SERVICE, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SANAZ NASERI,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.<br><br>Defendants. | Case No.: 3:25-cv-09638-RFL<br><br>**DEFENDANT UNITED PARCEL SERVICE, INC.'S REPLY IN ITS SUPPORT OF MOTION TO DISMISS PLAINTIFF SANAZ NASERI'S COMPLAINT**<br><br>Hearing Date: January 20, 2026<br>Hearing Time: 10:00 a.m.<br>Judge: Magistrate Kandis A. Westmore<br>Dept.: TBD<br><br>Complaint Filed: July 16, 2025<br>Trial Date: Not Yet Set |

Defendant United Parcel Service, Inc. ("UPS") through its undersigned counsel hereby submits this Reply in Support of its Motion to Dismiss Plaintiff Sanaz Naseri's Complaint.

## I. PLAINTIFF'S OPPOSITION TO UPS' MOTION TO DISMISS IS CONCLUSORY AND LACKS ANY SUBSTANTIVE ARGUMENT

Plaintiff's recent filings are difficult to decipher as they appear to respond to both UPS' motion to dismiss and Plaintiff's request to remand this case to the Superior Court of San Francisco. From what UPS can ascertain, the basis for Plaintiff's opposition to the Motion to dismiss is located on page 8 of "Plaintiff's Combined Motion to Remand, Opposition to Defendant's Motion to Dismiss,

and Respectful Request that the Court Reject Defendant's Motion to Dismiss." (*See* Dkt No. 12, Pg. 8). Plaintiff's "opposition", *in full*, states:

> If the Court chooses to consider UPS's Motion to Dismiss, I respectfully oppose it . . . [m]y complaint:
> - Meets all pleading standards
> - Contains detailed facts
> - Includes dates, names, incidents, and injuries
> - Alleges multiple valid claims
> - Supported by EEOC and CRD Right-to-Sue notices
> - Includes OSHA complaints, union grievances, and medical records
>
> UPS's motion is premature because jurisdiction remains unresolved . . . UPS is attempting to silence me, avoid liability, and block my state default by removal in bad faith.

(*See* Dkt No. 12, Pg. 8). Simply put, Plaintiff responds to UPS' motion to dismiss by listing six conclusory statements unsupported by any facts or analysis. Plaintiff baldly asserts the Complaint meets "pleading standards", "[c]ontains detailed facts" and "[a]lleges multiple valid claims." UPS, however, provided multiple examples of how Plaintiff's complaint fell short of the federal pleading standards and the purported facts were insufficient to support ***any*** of her causes of action. The OSHA complaints, union grievances, and medical records attached to the Complaint are likewise nonresponsive to the points and authorities in UPS' motion to dismiss. Finally, although the Complaint includes some "dates, names, incidents, and injuries" and attached "EEOC and CRD Right-to Sue notices", Plaintiff does not articulate how those attachments somehow put UPS on notice of her specific claims and satisfy the *prima facie* elements of her claims, or how the Court can consider extrinsic materials. Sans any analysis or supporting authority, this Court should disregard Plaintiff's so-called opposition.

**II. PLAINTIFF'S "OPPOSITION" FAILS TO ADDRESS MULTIPLE ARGUMENTS AND, AS SUCH, PLAINTIFF CONCEDES THESE ARGUMENTS**

A plaintiff's failure to substantively address arguments made in a motion to dismiss effectively ***concedes*** the arguments. *See Goldberg v. Audi Fin. Servs.*, CV 21-5345-JFW(Ex), 2021 U.S. Dist. LEXIS 209924, at *2-3 (C.D. Cal. Aug. 21, 2021) (granting motion to dismiss complaint due to plaintiff's failure to substantively address arguments made in motion); *see also Ramirez v.*

*Ghilotti Bros., Inc.*, 941 F.Supp. 2d 1197, 1210 (2013) (Northern District of California found that arguments are conceded if not addressed in opposition).

Here, Plaintiff's opposition fails to substantively address any of UPS' arguments. Plaintiff's opposition does not address the lack of any adverse employment actions alleged in her Complaint or that any adverse employment action was motivated by her race, national origin, or disability. She does not argue that her "sexual and physical abuse" allegations fall within the statute of limitations or that any other conduct was severe or pervasive. She does not argue that she alleged a "protected activity" for her retaliation claim, or that she alleged any necessary elements for her failure to accommodate claim. She also does not argue that any conduct was extreme or outrageous enough to support her intentional infliction of emotional distress claim. Finally, she makes no mention of her nebulous Labor Code violations or which Labor Code claims UPS purportedly violated.

By failing to substantively address any of the arguments in the Motion to Dismiss, Plaintiff has conceded any counter argument. For this additional reason, the court should grant UPS' motion to dismiss.

## III. PLAINTIFF'S JURISDICTIONAL ARGUMENT FAILS

As mentioned above, Plaintiff argues that the Court lacks subject matter jurisdiction to decide the motion to dismiss. Plaintiff filed a motion to remand this case to the Superior Court of California, County of San Francisco based on tenuous procedural arguments. For the reasons set forth in UPS' opposition to the motion to remand (Dkt. No. 14), this case belongs in federal court. As such, the Court should rule on this motion.

## IV. THE COURT SHOULD IGNORE PLAINTIFF'S DECLARATION AS EXTRINSIC EVIDENCE

Plaintiff's Opposition introduces extrinsic evidence, specifically, a declaration asserting facts that are nowhere in the Complaint. However, the Court may not consider extrinsic evidence in a motion to dismiss. In deciding a Rule 12(b)(6) motion, a court may only consider "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swatz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Here, Plaintiff's "declaration" asserts many supposed "facts" that are nowhere to be found in the four corners of his Complaint.

Specifically, Plaintiff's declaration alleges that UPS retaliated against her for "reporting misconduct" and that she suffered an injury on July 2, 2025 due to "UPS assigning [Plaintiff] to work with harassers." The Court should not consider these extrinsic arguments.

## V. CONCLUSIONS

Plaintiff has failed to address any of UPS' substantive arguments in the motion to dismiss. Accordingly, Plaintiff has conceded those arguments and this Court should grant UPS' motion and dismiss the entirety of Plaintiff's Complaint.

Respectfully submitted,

Dated: December 5, 2025

DINSMORE & SHOHL LLP

By: */s/ Robert D. Prine*

Annie M. Turner
Robert D. Prine
Attorney for Defendant,
UNITED PARCEL SERVICE, INC.

\

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on December 5, 2025, a true copy of this document was served by electronic mail upon all registered CM/ECF users, and by United States Postal Service upon all non-registered CM/ECF users in this case as indicated below:

Sanaz Naseri
940 Washington Street, Room 413
San Franciso, CA 94108
Telephone: (408) 500-7319
E-mail: Fnaseri03@gmail.com

I declared under penalty of perjury under the laws of the United States of America that the above is true and correct.

*/s/ Robert D. Prine*
Robert D. Prine