Name: Sanaz Naseri, In Pro Per
Address: 940 Washington Street
San Francisco, CA 94108
Phone | (408) 500-7319
Email: Fnaseri03@gmail.com

FILED
DEC 04 2025
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JURISDICTION

| | |
|---|---|
| SANAZ NASERI,<br>Plaintiff.<br>v.<br>UNITED PARCEL SERVICE, INC.,<br>Defendant. | Case No.: 3:25-cv-09638-RFL<br><br>**PLAINTIFF SANAZ NASERI'S REPLY TO DEFENDANT UNITED PARCEL SERVICE, INC.'S OPPOSITION TO MOTION TO REMAND; NOTICE OF DEFENDANT'S FAILURE TO TIMELY OPPOSE; AND SUPPLEMENTAL JURISDICTION SUBMISSION (ALREADY FILED)** |

**CONSOLIDATED NOTICE OF DEFENDANT'S FAILURE TO TIMELY RESPOND, SUPPLEMENTAL SUBMISSION, AND STATEMENT ON JURISDICTION IN SUPPORT OF MOTION TO REMAND**

**Plaintiff Sanaz Naseri**, appearing in propria persona, respectfully submit this consolidated notice and supplemental statement in support of my pending Motion to Remand.

---

**I. NOTICE OF DEFENDANT'S FAILURE TO TIMELY RESPOND**

**Plaintiff Sanaz Naseri** filed the "**Motion to Remand**" **(Docket No. 6)** on **November 13, 2025** (Filed 11/13/2025; Entered 11/14/2025).

Under the Court's scheduling rules, Defendant's opposition was due **November 28, 2025**, with any reply due **December 5, 2025**.

Defendant failed to file any timely opposition or request an extension. The docket later reflects an opposition filed on **December 1, 2025**, after the deadline:

**"OPPOSITION/RESPONSE (re 12 MOTION to Remand) filed by United Parcel Service, Inc. (Attachments: Declaration of Robert D. Prine)… Filed on 12/1/2025)." (Docket No. 14)**

This constitutes a missed deadline. **Plaintiff Sanaz Naseri** respectfully requests the Court to take notice of the untimely filing and treat the Motion to Remand as unopposed.

---

## II. NOTICE THAT PLAINTIFF SANAZ NASERI ALREADY FILED SUPPLEMENTAL EVIDENCE

On **November 18**, 2025, Plaintiff Sanaz Naseri filed "**Supplemental Evidence**" **(Docket No. 13)** re: 12 MOTION to Remand filed by Sanaz Naseri (Attachments: #1 Proposed Order) Filed 11/18/2025; Entered 11/24/2025.

This supplemental filing is already on the docket and addresses:

- **UPS's omission of the Proof of Personal Service (POS-040);**
- **UPS's omission of my Request for Entry of Default filed November 10, 2025;**
- The complete state-court filing timeline; the removal on 11/10/2025 happened not before that because it did not have a case number, judge assignment, and according to my received evidence from state court, **UPS informed the San Francisco Superior Court on 11/10/2025 only after I filed default.** I could docket my default in state court on 11/10/2025, otherwise San Francisco Superior Court would not have docketed my default on 11/10/2025.
- **Evidence demonstrating UPS's misleading and incomplete removal record;**
- **My completion of all required procedural steps before removal.**

**Plaintiff Sanaz Naseri** respectfully requests the Court to consider the Supplemental Evidence as part of the full record supporting remand.

---

## III. UPS'S REMOVAL IS IMPROPER AND IN BAD FAITH

**UPS filed its Notice of Removal after I filed my default on November 10, 2025, and after UPS was properly served on October 10, 2025.**

This timing indicates an intent to block my default and interfere with state court proceedings.

Federal jurisdiction requires either:

- **A clear federal question, or**
- **Complete diversity of citizenship.**

Neither exists here:

- **I am domiciled in California.**
- **UPS is incorporated in Ohio with its principal place of business in Georgia.**

Federal question jurisdiction does not arise merely because I assert **Title VII or ADA claims;** those claims are pendent to state-law **FEHA and Labor Code claims.**

**UPS's claim of federal jurisdiction is misleading.** The federal claims are incidental and subordinate, while my state-law claims form the primary foundation of the action.

**UPS's reliance on diversity jurisdiction is also improper.** I filed and completed my state-court filings first. **UPS removed only after I sought default, creating an unfair procedural imbalance and demonstrating bad faith.**

---

## IV. STATEMENT ON JURISDICTION

To ensure completeness, **Plaintiff Sanaz Naseri** provides the following jurisdictional analysis, demonstrating that removal is improper.

I have already addressed these points in the Supplemental Evidence filed on **November 18, 2025,** and reiterate them here for clarity.

### A. Diversity Jurisdiction – 28 U.S.C. § 1332

**UPS asserts diversity jurisdiction. Plaintiff Sanaz Naseri** has already disputed this in the Supplemental Evidence and further emphasizes:

- **UPS failed to provide complete and accurate evidence of its corporate citizenship at removal.**
- **I am domiciled in California. UPS states it is incorporated in Ohio with its principal place of business in Georgia.** However, citizenship alone does not automatically create jurisdiction where removal is defective, incomplete, or untimely.

- Even assuming diversity exists, **state-law claims overwhelmingly predominate.**
- **My claims arise primarily under FEHA, California Labor Code, state-law negligence, retaliation, workplace safety, and related torts.**
- **These claims form the core of this action and must be adjudicated in California state court.**

Federal courts strictly construe removal against the removing party.

**UPS's removal was untimely, incomplete, and filed only after I filed for default—conduct already documented in my supplemental submission.**

**Diversity cannot cure these procedural defects.**

**UPS's timing demonstrates bad faith.**

**UPS waited until after my default filing on November 10, 2025, to attempt removal—indicating an intentional effort to block state-court proceedings.**

**This supports remand irrespective of diversity.**

**B. Federal Question Jurisdiction – Title VII and ADA**

UPS relies on federal statutes, but:

- **My primary causes of action arise under FEHA, California Labor Code, and state tort law.**
- Any federal references are derivative, not independent sources of jurisdiction.
- The gravamen of the case concerns **harassment, retaliation, workplace safety, and disability accommodation under California law.**
- **Federal question jurisdiction does not attach where state-law claims predominate and federal claims are incidental.**

**C. Supplemental Jurisdiction – 28 U.S.C. § 1367**

UPS may attempt to rely on supplemental jurisdiction. **Plaintiff Sanaz Naseri** reiterates:

- **Supplemental jurisdiction cannot serve as an independent basis for removal.**
- **State-law claims substantially predominate.**
- **All relevant events occurred in California, involving California workplace conduct.**
- Judicial economy, fairness, and comity strongly support state-court adjudication.

- California has a primary interest in enforcing **FEHA and Labor Code protections.**

---

**V. REMOVAL WAS UNTIMELY AND IN BAD FAITH**

**UPS was served on October 10, 2025, making the statutory removal deadline November 9, 2025.**

**UPS's falsely claimed removal:**

- **Was dated November 7 but omitted mandatory documents, including the Proof of Personal Service (POS-040); the removal was misleading and in bad faith, lacked a case number, judge assignment, proper service on me as Plaintiff, and failed to inform the San Francisco Superior Court—otherwise, I could not have filed or docketed my default in state court.**
- **Submitted only after I filed for default on November 10;**
- **Not communicated until November 13;**
- **Functionally blocked my default;**
- **Is procedurally defective under 28 U.S.C. § 1446(b).**

**These defects render removal improper.**

The sequence of events demonstrates a clear intent to avoid state-court consequences—constituting **bad-faith removal.**

---

**VI. REQUEST FOR RELIEF**

For all reasons stated herein, and those detailed in my original Motion to Remand and Supplemental Evidence, **Plaintiff Sanaz Naseri** respectfully requests that the Court:

- **Take notice of Defendant's missed opposition deadline;**
- **Consider Defendant's untimely opposition as waived;**
- **Grant my Motion to Remand;**
- **Return this action to the Superior Court of California, County of San Francisco;**
- **Allow the default process to proceed based on my already-filed state-court documents.**

**Dated: December 4, 2025**

**Respectfully submitted,**

/ s / Sanaz Naseri

**Sanaz Naseri, In Pro Per**

940 Washington Street

San Francisco, CA 94108

(408) 500-7319

Fnaseri03@gmail.com

**CERTIFICATE OF SERVICE**

I, **Sanaz Naseri**, declare that on December 4, 2025, I **personally served** a true and correct copy of the foregoing document to the Clerk of the United States District Court at:

**United States District Court**

450 Golden Gate Avenue, 16th Floor

San Francisco, CA 94102

Additionally, the document **was served by electronic mail upon all registered CM/ECF users**, including attorneys for Defendant United Parcel Service, Inc., who are registered CM/ECF users.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ **Sanaz Naseri**

**Sanaz Naseri, In Pro Per**

Telephone: (408) 500-7319

E-mail: Fnaseri03@gmail.com