UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANAZ NASERI,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>        Defendant. | Case No.  25-cv-09638-RFL<br><br><br>**ORDER GRANTING IN PART ADMINISTRATIVE MOTION FOR LEAVE TO USE DISCOVERY MATERIALS IN RELATED PROTECTIVE AND CIVIL PROCEEDINGS**<br><br>Re: Dkt. No. 40 |

Plaintiff Sanaz Naseri, who is representing herself, filed an Administrative Motion for Leave to Use Discovery Materials in Related Protective and Civil Proceedings.  (Dkt. No. 40 ("Motion").)   At the Court's request, Naseri submitted a limited set of documents she wishes to disclose, which generally relate to United Parcel Service's ("UPS") investigation of workplace complaints she has made.  (Dkt. No. 45-2 to 45-7 ("Proposed Documents").)  UPS opposes the Motion on the grounds that it produced the documents confidentially, subject to the parties' protective order, and the documents contain private information about UPS employees.  (Dkt. No. 42.)  The Court held an under seal hearing, at which Naseri described that she wishes to provide the documents to her case worker for use in a civil restraining order proceeding, and to the District Attorney's office in order to press charges against two of her coworkers.

While the third party UPS employees likely have a protected privacy interest and a reasonable expectation of privacy in information about themselves described in the Proposed Documents, the use of the Proposed Documents (1) under seal in judicial proceedings, and/or (2) disclosure to a limited number of individuals who have signed on to the protective order entered in this action does not constitute a serious invasion of privacy.  *See Hill v. Nat'l Collegiate*

1

*Athletic Assn.*, 865 P.2d 633, 654–55 (Cal. 1994); *Minns v. Advanced Clinical Emp't Staffing LLC*, No. 13-cv-03249-SI, 2014 U.S. Dist. LEXIS 65198, at *7 (N.D. Cal. May 9, 2014). Furthermore, privacy interests "must be balanced against other important interests." *Hill*, 865 P.2d at 655. Naseri asserts that the Proposed Documents are relevant to her civil proceedings because they may show why UPS has not sought a workplace restraining order on her behalf and will aid her in describing traumatic events about which she has memory gaps. On balance, Naseri's interest in using the documents in the limited manner outlined in this Order outweighs any privacy interests that are not addressed by the protective measures this Order requires.

Therefore, the Motion is **GRANTED IN PART** as follows:

Naseri may use the Proposed Documents uploaded at Dkt. Nos. 45-2 to 45-7 in her judicial civil restraining order proceeding in Contra Costa County Superior Court related to ████████████████████, provided that the documents are filed under seal. Naseri shall provide a copy of her proposed motion to seal, with all proposed exhibits, to UPS's counsel at least 7 days prior to filing so that UPS has the opportunity to file any objections or supplemental evidence it wishes to provide.

Naseri may share the Proposed Documents with her case worker, Diego Garcia, who is assisting her with the restraining order proceedings, provided that he first signs the "acknowledgement and agreement to be bound" attached as Exhibit A to the parties' protective order in this action. (Dkt. No. 35 at 13.)

Naseri may share the Proposed Documents with the District Attorney's office for the limited purpose of pressing charges against ████████████████████, provided that the relevant individuals at the District Attorney's office first sign the "acknowledgement and agreement to be bound" attached as Exhibit A to the parties' protective order in this action. (Dkt. No. 35 at 13.)

With respect to disclosures made pursuant to this Order only, the parties' protective order (Dkt. No. 35) is modified as follows:

1. Section 7.1: A Receiving Party may use Protected Material for the purposes

described in this Order.

2.  Section 7.2:  Disclosure is authorized consistent with this Order.

3.  Section 12:  A Party that seeks to file under seal pursuant to this Order must comply with state court filing procedures that are equivalent to Civil Local Rule 79-5.

4.  Section 13:  Except for documents filed in judicial proceedings, all Protected Material shall be destroyed within 60 days of the final disposition of the actions described in this Order or the conclusion of the criminal investigation described in this Order, as applicable.

Naseri may not otherwise share copies of the confidential documents produced in this litigation with any other third parties, including law enforcement, except as permitted by the protective order entered in this action.  This Order does not restrict Naseri from verbally describing the event and findings detailed in the documents to law enforcement or other government agencies.

**IT IS SO ORDERED.**

Dated: May 28, 2026

RITA F. LIN
United States District Judge

3