UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SANAZ NASERI,

Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,

Defendant.

Case No. 25-cv-09638-RFL

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

Re: Dkt. No. 37, 52

Sanaz Naseri, who is proceeding without the benefit of counsel, filed this employment discrimination and labor code lawsuit against her employer, United Parcel Service, Inc. ("UPS"). After her original complaint was dismissed in part, she received leave to amend her complaint. Her operative complaint asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2, 2000e-3; California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112; intentional infliction of emotional distress ("IIED"); and two wage-related statutes, Cal. Lab. Code §§ 248.5, 510. UPS now moves to partially dismiss. For the reasons stated below, UPS's motion is **GRANTED IN PART** and **DENIED IN PART**. Dismissal is again with leave to amend.[1]

***New Claims.*** UPS contends that Naseri added new claims in violation of the Court's prior Order. *See Naseri v. United Parcel Serv., Inc.*, No. 25-CV-09638-RFL, 2026 WL 322923, at *7 (N.D. Cal. Feb. 6, 2026) ("Naseri may not add new claims or parties without leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15."). These claims fall into two buckets: (1) preexisting claims that were vaguely pled in Naseri's original complaint; and (2) new claims that are analogues of preexisting claims.

[1] Since Naseri is granted leave to amend, her administrative motion for leave to file a declaration (Dkt. No. 52), seeking to support her request for leave to amend, is denied as moot.

Naseri was expressly given leave to amend the first bucket of claims. To start, Naseri previously alleged a plausible harassment claim based on national origin, but it was unclear whether her claim was also based on other protected classes. She was therefore told that "[t]o the extent that [the claim] is based on other acts or protected classes, she must clearly identify those acts and protected classes." *Id.* at *4. Naseri permissibly amended her complaint to clarify that her harassment claim is based on both national origin and sex. (Dkt. No. 36 ("FAC") at 34.)[2] Similarly, she previously alleged nebulous Labor Code violations, so she was told that she must "allege which of her wages were not timely paid and what part of the Labor Code that violated." *Naseri*, 2026 WL 322923, at *7. Naseri amended her complaint to allege, among other violations, a denial of sick leave under Cal. Lab. Code § 248.5. (FAC at 38.) As a result, she now explains how UPS denied her wages.

Conversely, Naseri was not previously granted leave to add the second bucket of claims, but she is now granted that leave. Her original complaint already alleged analogues of these claims. Specifically, Naseri previously asserted a harassment claim under FEHA while now asserting it under Title VII too; previously asserted disability discrimination and retaliation claims under FEHA while now asserting those claims under the ADA too; and previously asserted a claim for failure to accommodate under FEHA while now adding a claim for failure to engage in the interactive accommodation process under FEHA. (*Id.* at 34–37; *Naseri*, 2026 WL 322923, at *1.) Naseri contends that if any of these claims "exceeded the scope of amendment, the proper remedy would be leave to amend" and explicitly requests relief under Rule 15(a)(2). (Dkt. No. 39 at 4, 14.) Given her status as a pro se litigant, this is construed as a belated request for leave to amend. While Rule 15 requires considering several factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted). UPS notes that some of the analogues have different elements, but Naseri's new claims largely provide the same or less

[2] All citations to page numbers in filings on the docket refer to ECF pagination.

protection than her preexisting claims. *See, e.g.*, Cal. Gov't Code § 12926.1(c) (noting FEHA is intended to provide broader coverage than the ADA). Under these circumstances and at this early stage of the case, there is no meaningful prejudice. *See Cammas v. YMCA of E. Bay*, No. 25-CV-10295-RFL, 2026 WL 878592, at *1 (N.D. Cal. Mar. 31, 2026).

***Sexual Harassment.*** As an initial matter, though this claim is premised on some events occurring outside the statute of limitations, those events can still be considered. Naseri filed her administrative charge on September 17, 2024. (FAC at 2.) FEHA requires an administrative charge to be filed within three years of the allegedly unlawful practice.[3] Cal. Gov't Code § 12960(e)(5). The continuing violations doctrine can extend the statute of limitations to reach "sufficiently similar" and "reasonabl[y] frequen[t]" acts of harassment that would otherwise be untimely.[4] *Richards v. CH2M Hill, Inc.*, 26 Cal. 4th 798, 823 (2001). Naseri's pre-September 2021 allegations involve sexual assault by a manager from 2019 through 2021; while her later allegations involve a different coworker's unwelcome sexual advances starting in 2024, physical intimidation after rejection of those advances, and discovery of sexual items placed in her belongings. (FAC at 3–14.) During both time periods, Naseri's supervisor either participated in the harassment or mocked and dismissed her concerns. (*Id.* at 3, 5, 9–10.) Accordingly, she alleges a "long-standing, unabated pattern of unwanted, sexually-oriented teasing, harassment, and ridicule that not only was condoned by her supervisors, but in which they personally took part" sufficient to make application of the continuing violations doctrine plausible. *See Anderson v. Reno*, 190 F.3d 930, 937 (9th Cir. 1999) (cited by *Richards*, 26 Cal. 4th at 816, as an example of courts considering the similarity of conduct); *see also Wawrzenski v. United Airlines, Inc.*, 106 Cal. App. 5th 663, 696 (2024).

Naseri alleges a plausible sexual harassment claim. She alleges that her manager

---

[3] Title VII has a different statute of limitations. *See* 42 U.S.C. § 2000e-5(e)(1). However, UPS does not contend that the Title VII and FEHA claims should be addressed separately, so that issue is not reached.

[4] The conduct also cannot have "acquired a degree of permanence." *Richards*, 26 Cal. 4th at 823. But UPS does not contend the allegations support such an inference.

sexually assaulted her for two years. (FAC at 3.) Separately, she allegedly discovered sexual objects such as condoms inside her belongings. (*Id.* at 6.) Starting a few months later, one of her coworkers, Deven Davis, "repeatedly made inappropriate sexual comments" to her including "references to intimate matters about prior partners." (*Id.* at 9.) Naseri's supervisors dismissed her complaints about Davis's conduct with statements such as "we are all adults." (*Id.*) After she rejected Davis's advances, he "block[ed] her path" and "approach[ed] with clenched fists." (*Id.*) Davis subsequently lowered the temperature in the work area to 50 degrees to torment Naseri. (*Id.* at 10.) Her complaints were again mocked, this time with a comment of "wear more jackets." (*Id.*) Earlier this year, Davis "advanced aggressively" towards Naseri, requiring a welfare check from police. (*Id.* at 13.) Cumulatively, those allegations plausibly constitute sexual harassment. *See Wawrzenski*, 106 Cal. App. 5th at 697–98; *Draper v. Coeur Rochester, Inc.*, 147 F.3d 1104, 1108–09 (9th Cir. 1998).

***Failure to Accommodate and Failure to Engage in the Interactive Process.*** Naseri plausibly alleges claims for failure to accommodate and failure to engage in the interactive process. She alleges that she has PTSD and other trauma-related medical conditions which cause "severe nighttime panic episodes" that prevent her from working overnight. (FAC at 15.) She allegedly requested accommodations due to these conditions in September 2021 but was forced to work a night shift starting in November 2021.[5] (*Id.* at 16–17.) When Naseri applied for a new position in December 2023, she requested an accommodation from a "24/7" availability requirement. (*Id.* at 17–18.) UPS told her that managers could not change shifts to accommodate her, though she alleges that other employees were routinely granted shift changes and scheduling flexibility. (*Id.*) Finally, when UPS received recommended accommodations from Naseri's doctors in late 2025 or early 2026 concerning shift changes and flexibility with breaks, it allegedly declined to implement the accommodations without meaningfully

---

[5] Even assuming this incident falls outside the statute of limitations, it was sufficiently similar to allegedly repeated conduct within the limitations period. As a result, it is sufficiently alleged as a continuing violation. *See Richards*, 26 Cal. 4th at 824.

considering the accommodations and while relying on an inaccurate job description to justify its position. (*Id.* at 19–21.) Those instances are sufficient to plausibly allege a failure to accommodate and engage in the interactive process.[6] *See Bagatti v. Dep't of Rehab.,* 97 Cal. App. 4th 344, 356 (2002).

***Intentional Infliction of Emotional Distress.*** Naseri plausibly alleges a claim for IIED. Davis's conduct as described above was plausibly extreme and outrageous. *See Hughes v. Pair*, 46 Cal. 4th 1035, 1051 (2009) (citation omitted); *Plotnik v. Meihaus*, 208 Cal. App. 4th 1590, 1613–14 (2012).

***Sick Leave.*** Naseri does not state a claim for violation of Cal. Lab. Code § 248.5. That statute contains no private right of action, so individuals cannot directly sue to enforce it. Cal. Lab. Code § 248.5(e); *Wood v. Kaiser Found. Hosps.*, 88 Cal. App. 5th 742, 757, 760 (2023). It still allows plaintiffs to sue for damages in a representative capacity under the Private Attorneys General Act or seek equitable relief under the Unfair Competition Law. *Wood*, 88 Cal. App. 5th at 748–49. But Naseri brings neither of those claims here. Accordingly, she fails to state a sick leave violation claim.

***Overtime Pay.*** Naseri does not plausibly allege an overtime pay claim. Although plaintiffs alleging overtime violations need not allege "with mathematical precision," they must allege "facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014) (citation omitted). Naseri does not identify any specific workweek in which she worked overtime but was not paid for it. She only alleges that she was not paid overtime "during multiple pay periods between 2023 and 2025," which is too generic to plausibly allege an overtime violation. (*See* FAC at 38–39; *Radford v. Nexstar Broad., Inc.*, No. 24-CV-08118-RFL, 2025 WL 829601, at *4 (N.D. Cal. Mar. 14, 2025).) Though she may seek a

[6] This Order does not reach whether an adverse employment action is a required element of an ADA failure to accommodate claim, since UPS does not seek dismissal based on failure to satisfy that element. *Naseri*, 2026 WL 322923, at *5 n.3.

claim that sweeps across that time period, she must also specify at least one workweek where she was not paid overtime as required. Even if her allegations concerning shortened breaks are construed to bear on this claim, they are also too generic.[7] (*See* FAC at 20.)

***Conclusion.*** UPS's motion is **GRANTED IN PART** and **DENIED IN PART**. Naseri's claims under Cal. Lab. Code §§ 248.5 and 510 are **DISMISSED**. All other claims survive dismissal. Because amendment does not necessarily appear futile, dismissal is with **LEAVE TO AMEND**. If Naseri wishes to file a second amended complaint correcting the deficiencies identified above, she shall do so by **August 24, 2026**. The amended complaint may not add new claims or parties, or otherwise change the allegations except to correct the identified deficiencies or as authorized above, absent leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15. Because an amended complaint completely replaces the previous complaints, Naseri must include in her amended complaint all the claims she wishes to present (including those that survived dismissal) and all of the defendants she wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Any amended complaint must contain continuously numbered paragraphs in compliance with Federal Rule of Civil Procedure 10(b). If no amended complaint is filed by the deadline, the dismissed claims will remain dismissed with prejudice and the case will proceed only as to the remaining claims. UPS's deadline to respond to the second amended complaint (if one is filed) or to answer the first amended complaint (if no second amended complaint is filed) shall be **September 14, 2026**.

**IT IS SO ORDERED.**

Dated: August 3, 2026

RITA F. LIN
United States District Judge

[7] Though the complaint refers in passing to "rest and meal period[]" violations, Naseri does not bring claims for rest period or meal period violations under Cal. Lab. Code §§ 226.7 or 512. (*See* FAC at 38–39.) If Naseri wishes to add such claim(s), she may do so in the amended complaint, but she must specify facts concerning at least one of each type of missed break in the limitations period.